STATE OF NORTH CAROLINA v. ARTHUR KELLY

No. 7829SC723

(Filed 19 December 1978)

1. **Criminal Law § 92.4— possession of stolen property—consolidation of charges for trial**

    Two charges against defendant for felonious possession on the same date of property which had been stolen on different dates were properly consolidated for trial.

2. **Criminal Law § 71— defendant "hiding"—shorthand statement of fact**

    Testimony by a State's witness that he found defendant "hiding" in the bushes was competent as a shorthand statement of fact.

**3. Receiving Stolen Goods § 1— possession of stolen property—proof of stealing by another not necessary**

On a charge of possession of stolen property in violation of G.S. 14-71.1, it is not necessary for the State to prove that someone other than the defendant stole the property.

APPEAL by defendant from *Walker (Ralph), Judge.* Judgment entered 19 April 1978 in Superior Court, MCDOWELL County. Heard in the Court of Appeals 28 November 1978.

Defendant was indicted and convicted of two charges of felonious possession of stolen property. N.C. Gen. Stat. 14-71.1. The cases were consolidated for trial.

Evidence was produced tending to show that about 2 December 1977 there was a breaking or entering into McDowell Agricultural Supply in Marion, North Carolina. A King type wood heater and Jacobsen riding lawn mower were taken. About a week earlier, the shop of Dean Pritchard was broken into and certain motorcycle parts were taken.

Shortly thereafter officers of McDowell County Sheriff's Department went to the home of the defendant for the purpose of serving an order of arrest on someone (not the defendant). No one answered the door although they heard loud music inside the house. On going to the rear of the house, the officers came upon the property described above. Some of it was beside a path at the rear of the house and some in an old outbuilding. The officers brought the property to the Sheriff's Department. The property was identified by the witnesses at the Sheriff's Department and photographs of it introduced into evidence.

The officers returned the next day with a search warrant. The defendant was found "hiding in the bushes behind the shed." He was in honeysuckle vines in a squatting position with his face down on the ground.

Judgments of imprisonment were entered. Defendant appealed.

*Attorney General Edmisten, by Associate Attorney Christopher S. Crosby, for the State.*

*I. C. Crawford for defendant appellant.*

MARTIN (Harry C.), Judge.

[1]  Defendant objects to the consolidation of the charges for trial. The indictments charge the defendant with felonious *possession* on 2 December 1977 of stolen property. The indictments alleged, and the evidence indicated, the property was stolen at different times but all possessed by defendant on 2 December 1977. The solicitor could have included both charges in one bill of indictment. There was no error in the consolidation in the discretion of the trial judge.

[2]  Defendant contends the court erred in allowing State's witness to testify he found defendant "hiding in the bushes." We disagree. The use of the word "hiding" was a shorthand statement of fact supported by another witness's description of where defendant was found. 1 Stansbury's N.C. Evidence (Brandis Revision, 1973), § 125.

[3]  Defendant contends the cases should have been dismissed at the close of the evidence. He argues the evidence fails to show the property was stolen by someone other than defendant. While it is true that a defendant cannot be convicted of *receiving* stolen property which he has stolen himself, such is not the case in a charge of *possession* of stolen property. The concept of "receiving" involves someone other than defendant stealing the property and then transferring possession of it to the defendant. A defendant cannot "receive" property from himself.

N.C. Gen. Stat. 14-71.1, effective 1 October 1977, was apparently passed to provide protection for society in those incidents where the State does not have sufficient evidence to prove who committed the larceny, or the elements of receiving. This could occur where the State has no evidence as to who committed the larceny and has, by the passage of time, lost the probative benefit of the doctrine of possession of recently stolen property. To require the State to prove who committed the larceny as an element of this offense would defeat the obvious intent of the legislature. On a charge of possession of stolen property, it is not necessary that the State prove someone other than the defendant stole the property. *See* N.C.P.I. Crim. 216.47. *See generally* Crowell and Farb, *1977 Legislation Affecting Criminal Law and Procedure* (pt. II), p. 2, Administration of Justice Memoranda, Institute of Government (September 1977). There

---

Smith v. Express Co.

---

was sufficient evidence to overcome the motion for nonsuit. This assignment of error is overruled.

We have examined defendant's other assignments of error and find no merit in them. Defendant received a fair trial, free from prejudicial error.

No error.

Judges MORRIS (now Chief Judge) and MITCHELL concur.