STATE OF NORTH CAROLINA v. THOMAS EUGENE DAVIS

No. 100

(Filed 4 March 1981)

**Receiving Stolen Goods § 2— receiving stolen property — possessing stolen property — no lesser offense**

Possessing stolen property in violation of G.S. 14-71.1 is not a lesser included offense of receiving stolen property in violation of G.S. 14-71.

Justice MEYER did not participate in the consideration and decision of this case.

BEFORE *Judge Barefoot* presiding at the 1 October 1979 Session of GATES Superior Court defendant was convicted of possession of stolen property. Defendant was sentenced to imprisonment for a term of not less than four nor more than five years. A majority of the Court of Appeals affirmed in an opinion by *Chief Judge Morris* with *Judge Wells* concurring. *Judge Vaughn* dissented. Defendant appeals of right to this Court pursuant to G.S. 7A-30(2). This case was docketed and argued as No. 137, Fall Term 1980.

*Rufus L. Edmisten, Attorney General, by Jo Anne Sanford, Assistant Attorney General, for the state.*

*Hopkins & Allen, by Grover Prevatte Hopkins and Janice Watson Davidson, Attorneys for defendant appellant.*

EXUM, Justice.

The dispositive question presented by this appeal is whether possessing stolen property in violation of G.S. 14-71.1 is a lesser included offense of receiving stolen property in violation of G.S. 14-71. We hold that it is not. Consequently, since defendant was indicted upon a charge of feloniously receiving stolen property, but

State v. Davis

convicted of feloniously possessing stolen property, we arrest judgment in this case.

The state's evidence tends to show the following: On 10 March 1979 at approximately 9:30 p.m. Gatesville Police Chief Eugene McLawhorn observed defendant Davis sitting in a parked car near a laundromat. He watched as defendant left the car, relieved himself upon a nearby tree, and returned to the car "in a staggering motion." Chief McLawhorn then observed co-defendants Norman Wayne Green and Larry Jesse Duff remove tires from the back door of the laundromat and place them in the car in which defendant Davis was sitting. Defendant, sitting in the middle of the front seat, "would on occasion lean over and on occasion sit up straight." Co-defendants Green and Duff, after placing nine tires in the car, got in the car and Duff drove it away. Shortly thereafter the car was stopped by Chief McLawhorn; Duff and defendant were arrested. Green fled but was later apprehended. Chief McLawhorn further testified as to a written statement made by defendant Davis which tended to implicate him in the crime. In Chief McLawhorn's opinion defendant was "highly intoxicated" but not drunk when he made the statement. Henry Wrenn, manager of the Gatesville Rubber Company, testified that his company stored tires in a warehouse located in the back portion of the laundromat. He stated that on 10 March 1979 the warehouse was broken into and numerous tires were missing.

Defendant, testifying on his own behalf, stated that he had been drinking heavily on 10 March 1979, that he dozed off occasionally during the evening, that he was unable to remember much of what happened that night including his statement to Chief McLawhorn, and that he had nothing to do with the theft of the tires.

On 2 April 1979 defendant was indicted for felonious breaking and entering, larceny, and receiving stolen goods. After co-defendants Green and Duff withdrew their pleas of not guilty and entered guilty pleas, the state announced that as to defendant Davis it would "proceed upon the theory of the third count of the bill of indictment, that being the theory of receiving stolen goods knowing them to be stolen."

Receiving stolen goods knowing or having reasonable grounds to believe the property to have been stolen is a violation of G.S.

14-71.[1] The trial court, however, instructed the jury that defendant was charged with "possessing property which the defendant knew or had reasonable ground to believe had been stolen as a result of breaking and entering." Possession of stolen property knowing or having reasonable grounds to believe the property to have been stolen is a violation not of G.S. 14-71, but of G.S. 14-71.1.[2] Defendant was convicted of felonious possession of stolen property.[3]

Defendant contends his conviction for felonious possession of stolen property, an offense with which he was not charged, constitutes error requiring arrest of judgment. A majority of the Court of Appeals disagreed, holding that all the elements of possession are present in the charge of receiving. Thus, since G.S. 15-170 provides that upon the trial of any indictment a defendant may be convicted of the crime charged in the indictment or of "a less degree of the same crime," defendant Davis' conviction was upheld. Judge Vaughn, being of the view that G.S. 14-71.1 is not a crime of lower degree than G.S. 14-71, dissented. We agree with Judge Vaughn.

It is well-established that when a defendant is indicted for a criminal offense he may be lawfully convicted of the offense charged therein or of any lesser offense if all the elements of the lesser offense are included within the offense charged in the indictment, and if all the elements of the lesser offense could be proved by proof of the facts alleged in the indictment. He may not, upon trial under that indictment, be lawfully convicted of any other criminal offense

---

[1] "§14-71. *Receiving stolen goods.*—If any person shall receive any chattel, property, money, valuable security or other thing whatsoever, the stealing or taking whereof amounts to larceny or a felony, either at common law or by virtue of any statute made or hereafter to be made, such person knowing or having reasonable grounds to believe the same to have been feloniously stolen or taken, he shall be guilty of a criminal offense . . . ."

[2] "§14-71.1. *Possessing stolen goods.*—If any person shall possess any chattel, property, money, valuable security or other thing whatsoever, the stealing or taking whereof amounts to larceny or a felony, either at common law or by virtue of any statute made or hereafter to be made, such person knowing or having reasonable grounds to believe the same to have been feloniously stolen or taken, he shall be guilty of a criminal offense . . . ."

[3] The larceny of property, the receiving of stolen goods knowing them to be stolen and the possessing of stolen goods knowing them to be stolen constitutes a felony if the property involved has a value of more than $400.00. *See* G.S. 14-72(a). The value of the tires stolen in the present case was approximately $526.00.

State v. Davis

whatever the evidence introduced against him may be. *State v. Riera,* 276 N.C. 361, 172 S.E. 2d 535 (1970); *State v. Overman,* 269 N.C. 453, 153 S.E. 2d 44 (1967); *State v. Rorie,* 252 N.C. 579, 114 S.E. 2d 233 (1960). Similarly, "[i]f the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some element not so included in the greater offense, the lesser is not necessarily included in the greater." *Id.* at 581, 114 S.E. 2d at 235-36. It is necessary, then, to examine the elements of receiving stolen goods under G.S. 14-71 and possessing stolen goods under G.S. 14-71.1 to determine if all the elements of the latter are present in the former. If so, G.S. 14-71.1 is a lesser included offense under G.S. 14-71.

These statutory provisions are identical in language except that the words "receive" and "receiver" in G.S. 14-71 are substituted for the words "possess" and "possessor" in G.S. 14-71.1.[4] The essential elements of feloniously receiving stolen property are (1) receiving or aiding in the concealment of personal property, (2) valued at more than $400.00, (3) which has been stolen, (4) by someone else, (5) the receiver knowing or having reasonable grounds to believe the property to have been stolen, and (6) the receiver acting with a dishonest purpose. See G.S. §§ 14-71, 14-72; *State v. Haywood,* 297 N.C. 686, 256 S.E. 2d 715 (1979); *State v. Tilley,* 272 N.C. 408, 158 S.E. 2d 573 (1968); *see also* N.C.P.I.—Crim. § 216.40. The essential elements of feloniously possessing stolen property are (1) possession of personal property, (2) valued at more than $400.00, (3) which has been stolen, (4) the possessor knowing or having reasonable grounds to believe the property to have been stolen, and (5) the possessor acting with a dishonest purpose. *See* G.S. §§ 14-71.1, 14-72; *see also* N.C.P.I.— Crim. § 216.47.

An examination of the elements of both offenses reveals the presence of an element in each offense that is not present in the other. The element of possession is different from, and not included in, the element of receiving, and vice versa. To convict a defendant under G.S. 14-71.1 the state must prove among other things that the defendant possessed, rather than received, stolen goods. To convict under G.S. 14-71 the state must prove that defendant received, rather than possessed, stolen goods and that the goods were stolen by someone other than the receiver. *See State v. Kelly,* 39 N.C. App.

---

[4] *See* notes 1 and 2, *supra.*

246, 249 S.E. 2d 832 (1978); *see also* N.C.P.I.—Crim. §§ 216.40, 216.47.

Although at first glance possession may seem to be a component of receiving, it is really a separate and distinct act. In analagous cases dealing with the contraband of non-taxpaid whiskey and controlled substances (rather than with the contraband of stolen property) this Court has consistently held that the crime of *possession* of such items is not a lesser included offense of the crime of *selling* or *transporting* them. *State v. Cameron*, 283 N.C. 191, 195 S.E. 2d 481 (1973) and cases therein cited.[5] The Court said in *Cameron, id.* at 202, 195 S.E. 2d at 488:

> "By setting out both the possession and sale as separate offenses in the statute and by prescribing the same punishment for possession and for sale, it is apparent that the General Assembly intended possession and sale to be treated as distinct crimes of equal degree, to be separately punished rather than providing that one should be a lesser included offense in the other.
>
> "The unlawful sale of a narcotic drug is a specific act and a given sale occurs only at one specific time. Unlawful possession, however, is a continuing violation of the law. It begins as soon as an individual first unlawfully obtains possession of the drug, whatever the purpose of that possession might be, and does not end until he divests himself of it."

Similarly the unlawful receipt of stolen property is a single, specific act occurring at a specific time; possession, however, is a continuing offense beginning at the time of receipt and continuing until divestment. Under G.S. 14-71 the state seeks to punish the act of *receiving* stolen goods *from another*; under G.S. 14-71.1 the state seeks to punish the act of *possessing* stolen goods without regard to who might have stolen them. The punishment for both offenses is the same. We believe the legislature intended *possession* and *receiving* to be distinct, separate crimes of equal degree rather than the former to be a lesser included offense of the latter.

---

[5] The opinion in *Cameron* noted that the Court of Appeals had erred in *State v. Thornton*, 17 N.C. App. 225, 193 S.E. 2d 373 (1972), relied on by defendant Cameron, in concluding that possession of a controlled substance was a lesser included offense of the sale of the substance.

We conclude, therefore, that defendant Davis has been found guilty of an offense with which he was not charged. Judgment must be arrested. *See State v. Perry*, 291 N.C. 586, 231 S.E. 2d 262 (1977).

Due to the conclusion we have reached it is unnecessary to discuss other assignments of error.

The verdict below is set aside and judgment is arrested.

Judgment arrested.

Justice MEYER did not participate in the consideration and decision of this case.