STATE OF NORTH CAROLINA v. TOMMIE LEE CARTER

No. 843SC997

(Filed 7 May 1985)

1. Criminal Law § 113.1— evidence elicited by defendant on cross-examination— failure to summarize

The trial court did not err in failing to summarize evidence elicited by defendant on cross-examination where such evidence tended merely to impeach or show bias and did not constitute substantive evidence tending to exculpate defendant.

2. Criminal Law § 68; Rape and Allied Offenses § 5— identification of defendant —bite marks and other evidence—sufficiency of evidence

The State's evidence of defendant's identity as the perpetrator of a first-degree burglary, second-degree rape and attempted second-degree sexual offense was sufficient to support defendant's conviction of those crimes where it tended to show: defendant's car was parked near the victim's home on the morning of the crimes; a witness saw defendant standing on the grass near the victim's front door on the morning in question and saw defendant get into his

car and drive away; semen found on a rug in the victim's home and blood samples taken from defendant both contained blood type O, type 1 secretor, a blood type found in 28% of the population in North Carolina; and, based on comparisons of photographs of bite marks on the victim's body with casts of defendant's teeth and with the teeth themselves, bite marks on the victim's body were made by defendant's teeth.

APPEAL by defendant from *Reid, Judge*. Judgment entered 2 June 1984 in Superior Court, PITT County. Heard in the Court of Appeals 3 April 1985.

This is a criminal case in which defendant, Tommie Lee Carter, was convicted at a jury trial on 2 June 1984 of first degree burglary, second degree rape and attempted second degree sexual offense. Defendant's first trial on these same charges had ended in a mistrial based upon the jury's inability to reach a verdict.

The charges arose out of the sexual assault of the victim in her home at 91B Howell Street in Greenville on 4 October 1983.

The State's evidence tended to show that the victim was awakened early in the morning hours of the day in question by a man squatting on the window ledge of her bedroom. The man wore a jacket, trousers, tennis shoes, a black scarf, gloves and a black mask on his face. The victim attempted to run from the room but the man caught her by placing his arm around the victim's neck. The man then bit the victim several times on the left shoulder and left side of her neck, took money from her purse and forced her into her living room. The man forced the victim to lie down on the rug. He attempted to have anal intercourse with the victim, had vaginal intercourse with the victim and ejaculated on the living room rug. The victim testified that her assailant left her home through the front door and she watched him walk south on Green Street. The victim then called police who interviewed her and had her taken to a local hospital.

At the hospital emergency room, medical personnel observed bite marks on the victim. A physician ordered the marks cleaned with iodine. After the victim returned home, a police photographer took photographs of the bite marks in question. These photographs were taken approximately three hours after the bites were inflicted.

Police cut out the damp section of the victim's living room rug and sent it to the SBI laboratory in Raleigh for testing. An SBI forensic serologist compared semen taken from the rug and blood samples taken from defendant. The report of the testing indicated that the semen and blood samples were blood type "O", type 1 secretors, a blood type found in 28% of the population.

Prior to defendant's arrest, a Greenville dentist had made casts of defendant's teeth. The photographs of the bite marks on the victim and the casts of defendant's teeth were submitted to two experts in the field of forensic odontology, Dr. William P. Webster, a professor in the Schools of Dentistry and Medicine at the University of North Carolina in Chapel Hill and Dr. Richard Souviron, a dentist and assistant medical examiner in Coral Gables, Florida. Dr. Webster was able to identify a total of seventeen common points of identification, eight of which came from a shoulder wound of the victim. Dr. Souviron testified that he had highlighted ten of the most obvious points of identification. Both medical experts testified that the casts of defendant's teeth and the bite marks revealed in the photographs were consistent. Dr. Webster had also examined defendant's teeth and testified that the dental casts were identical representations of the defendant's teeth and that the bite marks in the photographs were "similar and identical" to the dental casts.

A State's witness, Robert Lee Jenkins, Sr., testified that on the morning in question he saw a red and white Grand Prix automobile parked at the Howell Street stop sign near the victim's home. He did not notice the license plate, but testified that he recognized the automobile as belonging to defendant. Mr. Jenkins' 13 year old son, Robert, testified that while walking near the victim's home on the morning in question, he saw defendant standing in the victim's yard near her front door and then driving away down Howell Street, turning up Green Street.

*Attorney General Edmisten, by Associate Attorney General T. Byron Smith, for the State.*

*Appellate Defender Stein, by First Assistant Appellate Defender Malcolm Ray Hunter, Jr., for defendant-appellant.*

EAGLES, Judge.

## I

[1]   Defendant first assigns as error the trial court's summation of the evidence in its jury instructions. We find no error.

The basis of defendant's argument is that the trial court gave the jury a detailed summary of the State's evidence, but failed to summarize any evidence favorable to defendant elicited by defendant on cross examination.

The trial court is not required to fully recapitulate all the evidence, but when it does, the trial court must summarize the evidence in the case that is favorable to defendant even though defendant presents no evidence. *State v. Sanders*, 298 N.C. 512, 259 S.E. 2d 258 (1979), *cert. denied*, 454 U.S. 973 (1981). G.S. 15A-1232 requires the trial court to summarize the evidence of both parties only to the extent necessary to explain the application of the law to the evidence. *State v. Moore*, 301 N.C. 262, 271 S.E. 2d 242 (1980). Evidence favorable to defendant elicited on cross examination that tends to exculpate defendant is substantive evidence. *State v. Sanders, supra*. A trial court cannot adequately explain the application of the law to the evidence in such a case without mentioning the exculpatory evidence elicited by defendant on cross examination. *State v. Moore, supra*.

Here, defendant presented no evidence at trial and claims that the trial court failed to summarize evidence favorable to defendant elicited from State's witnesses on cross examination. However, our examination of the record indicates that defendant on cross examination did not elicit substantive evidence tending to exculpate himself. Rather, defendant's cross examination attempted to impeach the testimony of the State's witnesses. Testimony which merely tends to impeach or show bias is not substantive in nature and need not be summarized. *State v. Abdullah*, 309 N.C. 63, 306 S.E. 2d 100 (1983). Here, the evidence defendant claims is favorable to him includes the inability of an expert witness to positively conclude that defendant made the bite marks in question and prior inconsistent statements by other witnesses. This is all testimony which tends to impeach or show bias in the State's witnesses. It is not substantive in nature and would not exculpate defendant if believed. Accordingly, the trial

court adequately related the application of the law to the evidence without being required to mention the evidence elicited by defendant on cross examination.

## II

[2] Defendant next assigns as error the sufficiency of the evidence to support a finding beyond a reasonable doubt that defendant was the perpetrator of the crimes. We find no error.

Defendant argues that the State's evidence failed to establish the identity of the assailant and that, at best, the State's evidence raises only a "suspicion or conjecture" that defendant was the assailant. *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 155 (1967); *State v. White*, 293 N.C. 91, 235 S.E. 2d 55 (1977); *State v. Bell*, 65 N.C. App. 234, 309 S.E. 2d 464 (1983), *aff'd*, 311 N.C. 299, 316 S.E. 2d 72 (1984). The identity of defendant as the assailant is, of course, a necessary element of each crime charged and must be proven by the State beyond a reasonable doubt. Before submitting the evidence to the jury, the trial court must consider whether there is substantial evidence of each element of the crimes charged. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *State v. Brown*, 310 N.C. 563, 313 S.E. 2d 585 (1984); *State v. Smith*, 300 N.C. 71, 265 S.E. 2d 164 (1980).

Defendant only assigns as error the element of identity of defendant as the victim's assailant. Based on the record before us, we hold that there was substantial evidence from which the jury could conclude that defendant was, in fact, the assailant.

The evidence presented by the State, although circumstantial, tends to identify defendant as the perpetrator. The victim described the assault and identified her assailant's race, height and clothing. One State's witness testified that he saw defendant's car parked near the victim's home on the morning of the attack. Another witness testified that he saw defendant standing on the grass near the victim's front door on the morning in question and that he saw defendant get into his car and drive away. Further evidence showed that the semen left on the rug and a blood sample taken from defendant revealed that both samples were from an individual who was a blood type "O", type 1 secretor, a blood type found in 28% of the population in North Carolina. In

addition, the State presented evidence from two forensic odontologists. Dr. Webster testified that he was able to identify a total of seventeen points of bite identification, eight of which came from the victim's shoulder wound. Dr. Souviron testified that he noted ten of the most obvious points of identification. Bite mark identification, approved in other jurisdictions, was first approved in North Carolina in *State v. Temple*, 302 N.C. 1, 273 S.E. 2d 273 (1981). In that case, Dr. Webster, the same expert who testified here, testified as to eight points of identification between overlays of defendant's teeth and bite marks on the victim. Here, Dr. Webster identified a total of seventeen common points of identification, eight of which were from one wound. In *State v. Green*, 305 N.C. 463, 290 S.E. 2d 625 (1982), Dr. Webster again testified as to bite marks, finding fourteen common points of identification between defendant's teeth and the bite marks on the victim's arm. Our Supreme Court stated in *Green*, "we find no reason to suspect that the methodology employed by this expert witness [Dr. Webster] was anything less than scientifically sound and reliable." *Id.* at 471, 290 S.E. 2d at 630. We agree. Here, the evidence shows that in addition to a positive comparison of defendant's teeth with the bite marks by Dr. Webster, there is evidence that the dental casts were identical representations of the teeth of defendant and testimony that the bite marks, represented in photographs of the victim, were "similar and identical" to the dental cast. Based on the record before us, we cannot say that the State's evidence raised "only a suspicion or conjecture that the accused was the assailant." *State v. Cutler, supra; State v. Bell, supra.* Rather, we believe that when taken together and considered in the light most favorable to the State, there is substantial evidence from which the jury could conclude that defendant was the assailant and committed the crimes charged. Accordingly, we find that defendant received a fair trial free of prejudicial error.

Defendant's assignments of errors numbered 1, 2, 3, 4, 5, 9 and 10 were not brought forward and argued in defendant's brief and are therefore deemed abandoned. *State v. Franks*, 300 N.C. 1, 265 S.E. 2d 177 (1980). Rules 28(a), 28(b)(5), Rules of Appellate Procedure.

No error.

Judges WHICHARD and JOHNSON concur.