STATE OF NORTH CAROLINA v. CHARLES GLENN PARKER

No. 8410SC790

(Filed 3 September 1985)

1. Criminal Law § 91— Speedy Trial Act—dismissal of charge without prejudice

The trial court did not err in dismissing a charge against defendant without prejudice, rather than with prejudice, for the State's failure to prosecute him within the time limit specified in the Speedy Trial Act where the trial judge stated that he had considered each of the factors set forth in G.S. 15A-703, and there was sufficient cause shown to support the trial court's determination that a superseding indictment was obtained in good faith and not in contravention of the Speedy Trial Act.

2. Receiving Stolen Goods § 5.2— insufficient evidence of dishonest purpose

The evidence was insufficient to support an inference that defendant acted with a dishonest purpose so as to support his conviction of felonious possession of stolen property where the State's own evidence disclosed that defendant was merely driving a stolen automobile for a friend, and there was no evidence that defendant was being paid by the friend, that he had any financial interest in the vehicle, or that he expected to gain any financial reward for doing his friend a favor.

APPEAL by defendant from *Herring, Judge.* Judgment entered 15 March 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 19 August 1985.

Defendant was initially indicted by a properly convened grand jury on 25 April 1983 on a charge of felonious possession of stolen property. On 2 June 1983, defendant waived arraignment and filed a "Certificate of Readiness." During the next six months, five continuances were granted in the case for a variety of reasons. On 28 December 1983 defendant filed a motion to dismiss based on the prosecution's failure to comply with the provisions of the Speedy Trial Act. A second grand jury reindicted defendant on 3 January 1984. The trial court dismissed the first indictment without prejudice on 11 January 1984 and upheld the superseding indictment.

Defendant and one Arthur L. Medlin were indicted and tried for possession of a Datsun 280-ZX automobile stolen from Carlos Patrice Baker. Medlin was found guilty as charged and appealed to this Court, which found no error in his trial. *State v. Medlin,* 73 N.C. App. 180, 327 S.E. 2d 68 (1985).

The evidence tends to show that on Sunday morning 20 March 1983, Medlin, a used car dealer, went to the home of defendant and requested defendant to accompany him to a motel for the purpose of driving an automobile which he, Medlin, was buying. When Medlin and defendant arrived at the motel, Medlin gave defendant $800.00 to take to someone inside the motel and get the ignition keys to the Datsun 280-ZX. The police, who were watching the motel, testified that defendant went in the motel, returned to the automobile and talked with Medlin, went back into the motel, and then came out, got in the stolen vehicle and drove away. The police followed in a high-speed chase, the automobile was wrecked, and defendant fled on foot.

Defendant was on probation in a halfway house and on furlough for the weekend with his wife. When apprehended, defendant had on his person $5,903.42.

Defendant's evidence tends to show, through the testimony of defendant's wife, that defendant and Medlin had been friends for years and that defendant had never worked for Medlin.

Defendant was found guilty as charged and appealed from a judgment imposing a prison sentence of three years.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Wilson Hayman, for the State.*

*Gerald L. Bass for defendant, appellant.*

HEDRICK, Chief Judge.

[1] By his first assignment of error, defendant raises the issue of whether the trial court erred in dismissing the charge against him without prejudice, rather than with prejudice, for the State's failure to prosecute him within the time limit specified by the Speedy Trial Act, N.C. Gen. Stat. Sec. 15A-701 et seq. Section 15A-703 in pertinent part provides:

> . . . In determining whether to order the charge's dismissal with or without prejudice, the court shall consider, among other matters, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; the impact of a re-prosecution on the administration of this Article and on the administration of justice. . . .

Defendant cites the case of *State v. Moore*, 51 N.C. App. 26, 275 S.E. 2d 257 (1981) in support of his contention that the judge did not make the required findings of fact and conclusions of law to support a dismissal without prejudice. In *Moore* we said:

> The statute [G.S. 15A-703] thus leaves in the discretion of the trial court the determination of whether dismissal should be with or without prejudice. It *mandates*, however, that the court consider *each* of the factors set forth in making that determination.

*Id.* at 29, 275 S.E. 2d at 260 (emphasis original).

In the instant case, the trial judge stated that he had considered each of the factors set forth in the statute and that the original indictment should be dismissed without prejudice. His order further stated:

> The Court is also of the opinion that the superseding indictments returned on January 3, 1984 against the Defendant begin a new 120 days for purposes of the application of the Speedy Trial requirements contained in G.S. 15-70 [sic] et seq. In reaching this decision the Court did find as a fact that the attainment of superseding indictments appear to have been both appropriate and in good faith.

The record discloses that of the five continuances, two were at the request of the State because counsel for defendant's co-defendant (Medlin) was unable to be present, two others were at the request of the State because the Assistant District Attorney was involved in the trial of an individual who, unlike defendant, was in custody, and one was at the request of defense counsel because "The trial of other cases prevented the trial of this case during this session." Manifestly, there was sufficient cause shown for the trial judge to conclude that the superseding indictments were obtained in good faith and not in contravention of the Speedy Trial Act. Accordingly, we overrule this assignment of error.

[2] Defendant next assigns error to the denial of his timely motions to dismiss the charge against him. He contends there is no evidence in the record that he knew or had reasonable grounds to believe that the Datsun 280-ZX was stolen or that he acted with a dishonest purpose. The elements of the crime with which defend-

ant is charged, possessing stolen goods, N.C. Gen. Stat. Sec. 14-71.1, are as follows:

> (1) possession of personal property, (2) valued at more than $400.00, (3) which has been stolen, (4) the possessor knowing or having reasonable grounds to believe the property to have been stolen, and (5) the possessor acting with a dishonest purpose.

*State v. Davis*, 302 N.C. 370, 373, 275 S.E. 2d 491, 493 (1981).

Assuming *arguendo* there is sufficient evidence to raise an inference that defendant knew or had reasonable grounds to believe that the 280-ZX was stolen, there is no evidence in this record to raise an inference that defendant "acted with a dishonest purpose." We note that one of defendant's principal arguments at trial in support of his motion to dismiss was that the State had offered no evidence that he had acted with a dishonest purpose. In his brief on appeal defendant argues vehemently that the record contains no evidence that he acted with a dishonest purpose when he drove the 280-ZX. Yet, the State in its brief makes *no response whatsoever* to this argument. The State argues only that the evidence is sufficient to raise an inference that defendant knew or had reasonable grounds to believe that the automobile in question was stolen.

We agree with defendant. The State's own evidence discloses that defendant was merely driving the automobile for Medlin. There is no evidence that defendant was being paid by Medlin or that he had any financial interest in the vehicle or that he expected to gain any financial reward for doing his friend a favor. There is no evidence in the record that defendant and Medlin had ever discussed the transaction before Medlin went to get defendant to drive the car.

In short, the record is devoid of any evidence that defendant possessed the stolen vehicle for a dishonest purpose.

The judgment appealed from must be reversed.

Reversed.

Judges ARNOLD and COZORT concur.