STATE OF NORTH CAROLINA v. DONALD WATSON

No. 852SC869

(Filed 1 April 1986)

**Receiving Stolen Goods § 6— possession of stolen property—value of property—instruction on possession at one point in time**

    In a prosecution for possession of stolen property in which there was evidence of three separate sales of stolen property on two dates involving the amounts of $240, $20 and $220, the trial court erred in refusing to instruct the jury that the State must prove that defendant possessed goods valued at more than $400 *at one point in time* in order to find defendant guilty of felonious possession and in representing the three transactions as one and stating the cumulative amount to the jury in summarizing the evidence.

APPEAL by defendant from *Brown, Judge*. Judgment entered 27 March 1985 in Superior Court, BEAUFORT County. Heard in the Court of Appeals 7 January 1986.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Kaye R. Webb, for the State.*

*Franklin B. Johnston for defendant appellant.*

BECTON, Judge.

I

Defendant, Donald Watson, was convicted on 25 March 1985 of felonious possession of wire and ADS pipe allegedly taken from

the FCX Farm and Garden Supplies, Inc. store in Washington, North Carolina on or about 9 August 1984. There were no markings on the goods which would have identified them as the property of the Washington FCX store.

The State's evidence tended to show that Scott Alons, assistant manager of the Washington FCX store, noticed that some wire was missing from the fenced-in yard adjacent to the store on 13 August 1984 after a call from Detective Harvey Skinner of the Washington police department. Mr. Alons testified that he determined upon a visual inspection of the yard that approximately twenty-five rolls of wire were missing. He prepared an estimated list and gave it to Detective Skinner. Mr. Alon subsequently prepared a separate list by going through a cash register summary and subtracting the amount of wire sold from the amount of wire purchased in the previous three months. These two lists were similar although not identical. The last actual physical inventory of the FCX plant prior to 9 August 1984 was done on the last day of June 1984. Mr. Alons stated that he makes a list every Thursday upon a visual inspection of the yard of supplies to be ordered for the coming week. He testified that he does not compare these figures with the inventory listed in the FCX computer, and that he would not know if there were a discrepancy between the amount he "felt we needed" based on his visual inspection and the amount the computer listed as being in stock.

Defendant admitted that he was approached by two men who asked him to help them sell some fence wire and that he agreed to introduce the men to Donald Dixon, whom defendant knew to be the owner of the New and Used Bargain House in Washington. Three separate transactions occurred between Dixon (as buyer) and defendant with the three other men (as sellers) on 9 and 11 August 1984. Defendant signed receipts for each of these transactions in the amounts of $240.00, $20.00 and $220.00 respectively.

In the original indictment dated 5 November 1984, defendant was charged with felonious larceny and felonious possession of stolen goods allegedly taken from the Washington FCX store on 13 August 1984. His trial was scheduled for 5 November 1984. Defendant was prepared to answer these charges with the defense that he could not have committed the offenses on 13 August 1984 because he was in the Beaufort County Jail on that date.

The case was continued three times at the State's request, and on 18 March 1985 an amended indictment was issued charging the defendant with felonious larceny and felonious possession of stolen goods from the Washington FCX store on or about 9 August 1984. The case was called to trial on 25 March 1985.

II

Defendant assigns error to the trial court's refusal to clarify its jury instructions on larceny and possession of stolen goods. Since the jury found the defendant not guilty on the larceny charge, we will consider only the instructions on felonious and non-felonious possession of stolen goods.

Defendant requested a clarification of the trial court's instruction; specifically, that the State must prove that defendant possessed personal property valued at more than $400.00 *at one point in time* in order to find defendant guilty of felonious possession.

The State contends that defendant's request for elaboration in the charge on the crimes of larceny and possession, particularly with respect to whether there may have been one or more larcenies, was properly denied because (1) requests for special instructions must be in writing and submitted to the trial judge before the judge's charge to the jury; *State v. Long*, 20 N.C. App. 91, 200 S.E. 2d 825 (1973), and (2) when defendant fails to comply with the prescriptions of N.C. Gen. Stat. Sec. 1-181 (1983) by submitting a written, timely request, it is not an abuse of discretion to refuse to give defendant's proposed instruction. *State v. Harris*, 67 N.C. App. 97, 312 S.E. 2d 541, *disc. rev. denied and appeal dismissed*, 311 N.C. 307, 317 S.E. 2d 905 (1984). The State also argues that the defendant's requested instruction on clarification was not a correct statement of the law, and therefore the trial court properly denied the request.

The State has correctly stated the law with respect to special instructions; however, the clarification requested by defendant in this case did not amount to a special instruction within the meaning of G.S. Sec. 1-181. Rather, we look to N.C. Gen. Stat. Sec. 15A-1232 (1983). Although that section, as rewritten in 1985, no longer *requires* the judge to state, summarize or recapitulate the evidence, or to explain the application of the law to the evidence,

the law in effect at the time defendant's case was tried did so require. *See State v. McLean*, 74 N.C. App. 224, 330 S.E. 2d 617 (1985) (decided three months before the amended version of G.S. Sec. 15A-1232 became effective and shortly after defendant's trial).

Every substantial feature of the case arising on the evidence must be presented to the jury even without a special request for instructions on the issue. *State v. Dooley*, 285 N.C. 158, 203 S.E. 2d 815 (1974). Further, since it is always incumbent upon the court to properly instruct the jury on the applicable law it is immaterial whether the clarification defendant requested was a precisely correct statement of the law. G.S. Sec. 15A-1232 requires the trial court to summarize the evidence of both parties only to the extent necessary to explain the application of the law to the evidence. *State v. Carter*, 74 N.C. App. 437, 440, 328 S.E. 2d 607, 609, *disc. rev. denied*, 314 N.C. 333 (1985). Implicit in this requirement is that the trial court must *correctly* declare and explain the law as it relates to the evidence. The failure of the court in the case at bar to correctly instruct the jury on substantial features of the case arising on the evidence was error for which defendant is entitled to a new trial. *See State v. Smith*, 59 N.C. App. 227, 228, 296 S.E. 2d 315, 316 (1982).

The trial court was required to instruct the jury on the elements of felonious possession of stolen property, requiring them to find beyond a reasonable doubt the presence of each element of the alleged crime. The essential elements of felonious possession of stolen property are: (1) possession of personal property (2) valued at more than $400.00 (3) which has been stolen, (4) the possessor knowing or having reasonable grounds to believe the property to have been stolen, and (5) the possessor acting with a dishonest purpose. *State v. Davis*, 302 N.C. 370, 275 S.E. 2d 491 (1981); *In re Dulaney*, 74 N.C. App. 587, 328 S.E. 2d 904 (1985).

Possession of stolen property is a continuing offense, beginning at the time of receipt, and ending at the time of divestment. *State v. Davis*, 302 N.C. 370, 275 S.E. 2d 491 (1981); *State v. Andrews*, 52 N.C. App. 26, 277 S.E. 2d 857 (1981), *aff'd*, 306 N.C. 144, 291 S.E. 2d 581, *cert. denied*, 459 U.S. 946, 74 L.Ed. 2d 205, 103 S.Ct. 263 (1982). In this case, the evidence offered by the State

State v. Watson

showed there were three separate transactions between defendant and the owner of the New & Used Bargain House. The State's evidence was that these transactions involved the exchange, at three distinct times, of $240.00, $20.00 and $220.00 respectively. The State never attempted to argue that defendant possessed any combination of the goods at one time. The State's evidence did not clearly establish when the goods were stolen or even that they were all goods stolen from FCX, as alleged in the indictment.[1]

When the trial court summarized the evidence, however, it told the jury that the State's evidence tended to show "that on August 9 and 11 the defendant sold to Donald Dixon 28 rolls of Keystone wire and was paid $460.00, and that on August 11, the defendant sold Dixon 2 rolls of ADS plastic pipe and was paid $20.00. . . ."

The trial court must instruct the jury on a crime of lesser degree than the crime charged when there is evidence from which the jury could find that the lesser crime was committed. *State v. Lampkins*, 286 N.C. 497, 212 S.E. 2d 106 (1975); *State v. Carnes*, 279 N.C. 549, 184 S.E. 2d 235 (1971).

The trial court instructed the jury on felonious and non-felonious possession as follows:

Now, I charge for you to find the defendant guilty of felonious possession of stolen goods, the State must prove five things beyond a reasonable doubt.

That the wire and plastic pipe sold to Donald Dixon was stolen.

Property again is stolen when it is taken and carried away without the owner's consent by someone who intends at the time to deprive the owner of its use permanently and knows that he's not entitled to take it; and

Second, that this wire and plastic pipe were worth more than four hundred dollars; and

1. A comparison of the two lists made by Mr. Alons and the list testified to by Mr. Dixon reveals that at least one of the items sold to Mr. Dixon by defendant was not among the items reported missing by Mr. Alons.

Third, that the defendant possessed this wire and plastic pipe;

Fourth, that the defendant knew or had reasonable grounds to believe that the wire and plastic pipe had been stolen; and

Fifth, that the defendant possessed this wire and plastic pipe with a dishonest purpose, and converting it to his own use would be a dishonest purpose.

And so I charge that if you find from the evidence and beyond a reasonable doubt that the wire and plastic pipe were stolen and that this wire and plastic pipe were worth more than four hundred dollars and that on or about August 9 and 11 the defendant possessed the wire and plastic pipe and that the defendant knew or had reasonable grounds to believe that the wire and plastic pipe were stolen and that the defendant possessed the wire and plastic pipe for a dishonest purpose, it would be your duty to return a verdict of guilty of felonious possession of stolen goods. However, if you do not so find or have a reasonable doubt as to one or more of these things, you would not return a verdict of guilty of felonious possession of stolen goods, and if you do not find the defendant guilty of felonious possession of stolen goods, you must determine whether he is guilty of non-felonious possession of stolen goods, and non-felonious possession of stolen goods differs from felonious possession of stolen goods in that the State need not prove that the goods were worth more than four hundred dollars.

And so I charge that if you find from the evidence and beyond a reasonable doubt that the wire and plastic pipe were stolen and that on or about August 9, and August 11 the defendant possessed the wire and plastic pipe and that the defendant knew or had reasonable grounds to believe that the wire and plastic pipe were stolen and that the defendant possessed this wire and plastic pipe for a dishonest purpose, it would be your duty to return a verdict of guilty of non-felonious possession of stolen goods. However, if you do not so find or have a reasonable doubt as to one or more of these things, then it would be your duty to return a verdict of not guilty.

State v. Watson

The jury would not have known, absent specific instructions, that possession and divestment of goods on each occasion would have constituted separate non-felonious possessions.

The element of felonious possession requiring the property to be valued at more than $400.00 implicitly includes the requirement that there be at least one single point in time when the defendant possessed an amount of goods valued at more than $400.00. Otherwise, the State's burden of proof on a charge of felonious possession of stolen goods would be no greater than to present circumstantial evidence of two or more non-felonious possessions, add them together, and obtain a felony conviction. We do not believe the legislature intended this when it enacted N.C. Gen. Stat. Sec. 14-71.1 (1977).

Rather, G.S. Sec. 14-71.1 "was apparently passed to provide protection for society in those incidents when the State does not have sufficient evidence to prove who committed a larceny, or the elements of receiving." *State v. Kelly,* 39 N.C. App. 246, 248, 249 S.E. 2d 832, 833 (1978). Nonetheless, it is incumbent on the State to prove all the elements of felonious possession in order to obtain a conviction on that charge. The jury should have been instructed that the State must prove beyond a reasonable doubt that defendant possessed an amount of goods valued at more than $400.00 at one point in time.

The trial court erred by (1) representing the August 9 and 11 transactions as one and (2) stating the cumulative amount of $460.00 to the jury in its summary, without clarifying the instruction in light of the law of possession. The trial court misled the jury as to the elements of the offense and the State's burden of proof, to defendant's prejudice.

We therefore order a new trial.

III

Because we have ordered a new trial, we need not discuss defendant's remaining assignments of error. We do find it necessary, however, to dispose of the State's argument that because defendant has presented no authority in his brief to support his positions, he has abandoned all of them pursuant to Rule 28(b)(5), North Carolina Rules of Appellate Procedure (1985) and *State v. Craig and Anthony,* 308 N.C. 446, 457, 302 S.E. 2d 740, 747 (1983).

We find no merit in the State's reading of Rule 28(b)(5). That rule reads, in pertinent part:

> Exceptions not set out in the appellant's brief, *or* in support of which no reason *or* argument is stated *or* authority cited, will be taken as abandoned.

(Emphasis added.) This sentence is to be read in the disjunctive. It gives appellant at least three means of preserving exceptions in his or her brief; it does not require appellant to cite authority for every proposition put forward on appeal. If the State's arguments were correct, an issue of first impression would never come before this Court. This is not what Rule 28(b)(5) was intended to ensure.

For the foregoing reasons, this matter is remanded for a

New trial.

Judges WHICHARD and PARKER concur.