STATE OF NORTH CAROLINA v. JOY MICHELLE BRANTLEY

No. COA97-688

(Filed 16 June 1998)

**1. Evidence and Witnesses § 1262 (NCI4th)— felonious larceny and possession of stolen goods—waiver of Miranda rights—findings sufficient**

The trial court did not err in a prosecution for felonious larceny and felonious possession of stolen goods by denying defendant's motion to suppress inculpatory statements where the facts tended to show that defendant first admitted to her grandmother, mother, and father that she and her boyfriend had stolen the missing money; defendant's grandmother then called a deputy and informed him of defendant's confession; the deputy subsequently traveled to the residence where he questioned defendant in the presence of her grandmother, mother, and father; the deputy informed defendant after she was taken into custody that she could have a parent or guardian present, but defendant declined to do so; defendant subsequently made additional oral and written inculpatory statements while in custody; and defendant signed the waiver of rights form. The trial court made specific findings of fact that defendant had knowingly, voluntarily and understandingly waived her rights under *Miranda* and N.C.G.S. § 7A-595(a) and, as those findings are supported by the evidence in the record, they will not be disturbed on appeal.

**2. Larceny § 219 (NCI4th)— felonious possession of stolen goods—instruction on misdemeanor possession refused—error**

The trial court erred by not instructing the jury on the charge of misdemeanor possession of stolen goods in a prosecution for felonious larceny and felonious possession of stolen goods where defendant confessed that she and her boyfriend took various amounts of money from various locations in her grandmother's home between June and August of 1995 and used the money to

buy cocaine, jewelry, and other items, but the evidence failed to clearly establish when defendant was in possession at one time of more than $1,000. The trial court properly instructed on felonious possession of stolen property, but erred by failing to instruct on the lesser offense of misdemeanor possession.

Judge WALKER concurring in part and dissenting in part.

Appeal by defendant from judgment entered 31 October 1996 by Judge Quentin T. Sumner in Nash County Superior Court. Heard in the Court of Appeals 17 March 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General Lisa Granberry Corbett, for the State.*

*Battle, Winslow, Scott, & Wiley, P.A., by Charles Everett Robinson, for defendant-appellant.*

TIMMONS-GOODSON, Judge.

Defendant Joy Michelle Brantley was indicted on the charges of felonious larceny and felonious possession of stolen goods, in violation of sections 14-72(a) and 14-71.1 of the North Carolina General Statutes, respectively. This matter came on for trial before Judge Quentin T. Sumner and a duly empaneled jury during the 28 October 1996 criminal session of Nash County Superior Court.

At trial, the facts tended to show the following: In 1995, defendant was seventeen years of age and lived with her grandparents, Arnold and Linda Brantley (collectively referred to as "the Brantleys") in Bailey, North Carolina. On 3 August 1995, Mrs. Brantley discovered that the money hidden in various places throughout the residence was missing.

Over a period of approximately nine years, the Brantleys had saved close to $14,800.00, all of which was hidden in various places throughout the home. The Brantleys kept records in a "little memo" of how much money they had saved and the locations of the money in the house. The "little memo" was kept in a cabinet along with some money.

The Brantleys had last checked or counted the money in late May or early June 1995, and had found all of the money present. The Brantleys had not hidden or removed any of their money between the May/June 1995 count and 3 August 1995, when Mrs. Brantley discov-

ered the money missing. Moreover, the Brantleys had not counted their money in the interim. The Brantleys had never told defendant about the stashed money, and did not believe that she knew about its existence.

After discovering that the money was missing, Mrs. Brantley called the Nash County Sheriff's Department. Deputy Sheriff Russell Thompson responded to the call. When the deputy arrived, defendant was not at home, but was contacted and returned home. Defendant and her mother, Ms. Glenda Saunders were interviewed by Deputy Thompson, because they both had access to the Brantleys' residence. At this time, no one was taken into custody. Defendant denied any knowledge of the missing money.

On the following day, 4 August 1995, when confronted by her grandmother in the presence of her mother and father, defendant admitted that she and her boyfriend, Scott Carpenter, had taken the money. Defendant told them that she and her boyfriend had used the money to buy crack cocaine, jewelry, and other items. Defendant and Carpenter had attended the same high school and had dated during the school year. Carpenter had frequently visited the Brantley residence, and had been at the residence on occasion between June and August 1995.

Subsequently, Mrs. Brantley contacted Deputy Thompson and told him about defendant's admission. When the deputy arrived at the Brantleys' home, he was again informed that defendant and Carpenter had taken the money. Defendant was taken into custody and transported to the Nash County Sheriff's Department in Deputy Thompson's patrol car. While at the Sheriff's Department, defendant made oral and written inculpatory statements. A search of defendant's person yielded coins that Mrs. Brantley identified as a portion of the missing money.

After hearing all of the evidence, the trial court instructed the jury on felonious larceny and felonious possession of stolen goods. The jury returned a verdict finding defendant not guilty of felonious larceny, but guilty of felonious possession of stolen goods. Judge Sumner entered judgment upon the jury verdict, sentencing defendant to a minimum term of imprisonment of six months and a maximum term of imprisonment of eight months. This sentence was suspended and defendant was placed on supervised probation for a period of thirty-six months. Defendant appeals.

On appeal, defendant brings forth two assignments by which she argues that the trial court committed error in denying her motion to suppress and failing to charge the jury on the lesser included offense of misdemeanor possession of stolen goods. For the reasons discussed herein, we agree that the trial court erred in failing to charge the jury on the lesser included offense of misdemeanor possession of stolen goods, and accordingly, vacate the judgment of the trial court and remand this matter for a new trial.

[1] We begin our analysis of the merits of defendant's appeal, with the argument that the trial court committed reversible error in failing to deny her motion to suppress certain inculpatory statements. Defendant contends that she did not knowingly, voluntarily and understandingly waive her *Miranda* rights and her rights under section 7A-595(a) of the General Statutes, when she made the inculpatory statements to Deputy Thompson. This argument is unpersuasive.

*Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, *reh'g denied*, 385 U.S. 890, 17 L. Ed. 2d 121 (1966), requires that a suspect who has been taken into the custody of law enforcement, must be informed prior to questioning of her right to be silent, to have an attorney present during questioning, and that any statement made may be used against her. In addition, section 7A-595(a) gives juveniles the above-mentioned *Miranda* rights as well as the right to have a parent, guardian or custodian present during questioning. *See* N.C. Gen. Stat. § 7A-595(a) (1995); *State v. Fincher*, 309 N.C. 1, 9-10, 305 S.E.2d 685, 691 (1983). The rights afforded under section 7A-595 apply only to those persons defined to be a "juvenile" as provided in section 7A-517(20). *Fincher*, 309 N.C. at 10, 305 S.E.2d at 692. Section 7A-517(20) defines a juvenile as a person under the age of eighteen who is neither married, emancipated, or in the military. N.C. Gen. Stat. § 7A-517 (20) (1995). A trial court's findings of fact on a motion to suppress are binding on this Court if those findings are supported by the evidence. *State v. Rook*, 304 N.C. 201, 283 S.E.2d 732 (1981), *cert. denied*, 455 U.S. 1038, 72 L. Ed. 2d 155 (1982).

In the instant case, the facts tend to show that defendant first admitted to her grandmother, mother, and father that she and her boyfriend had stolen the missing money; that defendant's grandmother then called Deputy Thompson and informed him of defendant's confession; that Deputy Thompson subsequently traveled to the Brantleys' residence where he questioned defendant in the presence of her grandmother, mother, and father; that after defendant was

taken into custody, Deputy Thompson informed defendant that she could have a parent or guardian present, but defendant declined to do so; that, subsequently, while in custody, defendant made additional oral and written inculpatory statements to Deputy Thompson; and that defendant signed the waiver of rights form, indicating that she had knowingly, voluntarily, and understandingly waived her *Miranda* rights.

The trial court made specific findings of fact that defendant had knowingly, voluntarily and understandingly waived her rights under *Miranda* and section 7A-595(a). As these findings are supported by the evidence in the record, they will not be disturbed by this Court on appeal. Defendant's arguments to the contrary fail.

[2] Defendant next argues that the trial court committed reversible error in failing to charge the jury on the lesser included offense of misdemeanor possession of stolen goods. We note at the outset that, although defendant's requested instruction was not an instruction for a lesser-included offense, it is well settled that "[w]hen there is some evidence supporting a lesser included offense, defendant is entitled to a jury instruction thereon even in the absence of a specific request for such instructions." *State v. Chambers*, 53 N.C. App. 358, 362, 280 S.E.2d 636, 639, *cert. denied*, 304 N.C. 197, 285 S.E.2d 103 (1981). The State argues, "However, [that] the trial court is not required to submit lesser degrees of a crime to the jury 'when the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element of the charged crime.' " *State v. McKinnon*, 306 N.C. 288, 300-01, 293 S.E.2d 118, 126 (1982) (quoting *State v. Harvey*, 281 N.C. 1, 13-14, 187 S.E.2d 706, 714 (1972)).

In order to obtain a conviction for felonious possession of stolen goods in violation of section 14-71.1 of the General Statutes, the State must prove beyond a reasonable doubt that (1) defendant was in possession of personal property, (2) valued at greater than $400.00 (now $1,000.00), (3) which has been stolen, (4) with the possessor knowing or having reasonable grounds to believe the property was stolen, and (5) with the possessor acting with dishonesty. *State v. Brown*, 85 N.C. App. 583, 355 S.E.2d 225 (1987). At issue, herein, is the second element of the offense. Defendant contends that she was entitled to an instruction on the charge of misdemeanor possession of stolen goods, because evidence was presented that showed that she possessed personal property valued at less than $1,000.00. We agree.

"Possession of stolen property is a continuing offense, beginning at the time of receipt, and ending at the time of divestment." *State v. Watson*, 80 N.C. App. 103, 106, 341 S.E.2d 366, 369 (1986) (citations omitted). In *Watson*, this Court was presented with a similar question as presented in the case *sub judice*. Therein, the defendant was charged with felonious possession of stolen goods, but the State's evidence failed to clearly establish when the goods were stolen or even that they were all goods stolen from the premises alleged in the indictment. Although the trial court did instruct on both felonious and misdemeanor possession of stolen property, there was error in its instruction. In its analysis, the Court specifically held:

> The element of felonious possession requiring the property to be valued at more than $400.00 (now $1,000.00) implicitly includes the requirement that there be at least one single point in time when the defendant possessed an amount of goods valued at more than $400.00 (now $1,000.00). Otherwise, the State's burden of proof on a charge of felonious possession of stolen goods would be no greater than to present circumstantial evidence of two or more non-felonious possessions, add them together, and obtain a felony conviction. We do not believe the legislature intended this when it enacted N.C. Gen. Stat. Sec. 14-71.1 (1977).

> Rather, G.S. Sec. 14-71.1 "was apparently passed to provide protection for society in those incidents when the State does not have sufficient evidence to prove who committed a larceny, or the elements of receiving." *State v. Kelly*, 39 N.C. App. 246, 248, 249 S.E.2d 832, 833 (1978). Nonetheless, it is incumbent on the State to prove all the elements of felonious possession in order to obtain a conviction on that charge. The jury should have been instructed that the State must prove beyond a reasonable doubt that defendant possessed an amount of goods valued at more than $400.00 at one point in time.

*Watson*, 80 N.C. App. at 109, 341 S.E.2d at 370-71.

In the present case, the State's evidence tends to show that at some time between June and August 1995, defendant possessed approximately $14,804.00 belonging to her grandparents. Defendant confessed that she and her boyfriend took various amounts of money ($100.00 on one occasion, $200.00 on another occasion, $280.00 on yet another, "a little bit at the time") from various locations in her grandmother's home (from the ceramic doll, out of the vase in her

grandmother's room, and from the cabinet), and used this money to buy crack cocaine. At the time of her arrest, defendant was in possession of a few coins that were recognized to have belonged to her grandparents. Defendant's grandmother testified that defendant had told her that she and her boyfriend had bought jewelry, car tires, and other items with the stolen money. Defendant's grandmother also testified that the least amount in any one hiding place was $700.00, and the most was $1,000.00 or $2,000.00. The State's evidence failed to clearly establish when during June and August 1995, defendant was ever in possession, at any one point in time, of more than $1,000.00. There is evidence from which the jury could have found that the various caches of money—each containing from $700.00 to $2,000.00— could have been depleted by removing amounts less than or greater than the $1,000.00 requisite on various occasions. Hence, the evidence presented equally supports an inference that defendant was in possession of more than $1,000.00 at some point during June and August 1995, as well as another to the contrary that she did not. "Evidence giving rise to a reasonable inference to dispute the State's contention," is sufficient to support an instruction on a lesser offense. *McKinnon*, 306 N.C. at 301, 293 S.E.2d at 127. Accordingly, we hold that the court properly instructed on felonious possession of stolen property, but erred in failing to instruct on the lesser offense of misdemeanor possession of stolen property.

Under these equivocal facts surrounding the amount of money possessed by defendant, pointing to felonious *and* non-felonious possession of stolen goods, we conclude that the trial court erred in failing to instruct on the charge of misdemeanor possession of stolen goods. In light thereof, the judgment of the trial court is vacated, and this matter is remanded for a new trial.

New trial.

Judge GREENE concurs.

Judge WALKER concurs in part and dissents in part.

Judge WALKER concurring in part and dissenting in part.

I concur with the majority's opinion that defendant knowingly, voluntarily and understandingly waived her rights under *Miranda* and N.C. Gen. Stat. § 7A-595(a).

However, I respectfully dissent from the majority opinion that the trial court erred by failing to instruct the jury on the lesser-included offense of misdemeanor possession of stolen goods.

A trial court is not required to instruct on lesser-included offenses of a crime "when the State's evidence is positive as to each and every element of the crime charged and there is no conflicting evidence relating to any element of the charged crime." *State v. McKinnon*, 306 N.C. 288, 301, 293 S.E.2d 118, 126 (1982) (citations omitted). If a defendant presents evidence which clearly contradicts the State's evidence and gives rise to a reasonable inference to dispute the State's contentions, then an instruction on a lesser-included offense may be appropriate. *Id.* at 301, 293 S.E.2d at 127.

The majority notes that at trial the evidence tended to show that sometime during the period between June and August of 1995, the defendant came into possession of approximately $14,804.00 belonging to her grandparents. The defendant confessed that she and her boyfriend stole various amounts of money from different locations in her grandparents house and they used this money to buy crack cocaine. Further, defendant's grandmother testified that the least amount of money in any one hiding place was $700.00, and the most was between $1,000.00 and $2,000.00. Relying on this Court's ruling in *State v. Watson*, 80 N.C. App. 103, 341 S.E.2d 366 (1986), the majority then concludes that the State's evidence failed to clearly establish when, *at any one point in time* during June and August of 1995, the defendant was ever in possession of more than $1,000.00.

I feel, however, that this conclusion too narrowly construes N.C. Gen. Stat. § 14-71.1 and that the facts of this case are clearly distinguishable from those of *State v. Watson, supra*. In that case, the State's evidence failed to establish when the goods were stolen or even that they were stolen from the same place. *Id.* at 10, 341 S.E.2d at 369. Here, the State's evidence clearly established that the defendant possessed stolen property, in excess of $1,000.00, taken from her grandparents' home between June and August of 1995.

The felonious possession of stolen property, as defined in N.C. Gen. Stat. § 14-71.1, is a "continuing offense beginning at the time of receipt and continuing until divestment." *State v. Davis*, 302 N.C. 370, 374, 275 S.E.2d 491, 494 (1981). Under the majority's reasoning, defendant could engage in a series of transactions whereby she would come into possession of stolen property on a daily basis but so long as she divested herself of enough of that property to stay

**STATE v. BRANTLEY**

[129 N.C. App. 725 (1998)]

below the threshold $1,000.00 amount, she could not be convicted of a felony.

Based on the evidence presented at trial, I conclude the State has met its burden of presenting evidence "positive as to each and every element of the crime charged" and that the defendant has failed to present evidence sufficient to raise a "reasonable inference" to dispute the State's theory of the case. Therefore, I respectfully dissent from the majority's holding that the trial court erred by not instructing the jury on the lesser-included offense of misdemeanor possession of stolen property.