STATE OF NORTH CAROLINA v. RAPHAEL BIZZELL

No. 808SC1172

(Filed 18 August 1981)

1. **Criminal Law §§ 99, 170— pretrial comments to jury pool—failure to advise of possible not guilty verdict**

A pretrial comment by the trial judge that it would be the duty of the jury selected "to find the defendant guilty of one of the charges set forth in the bill of indictment or possibly some lesser included charge" was rendered harmless error beyond a reasonable doubt by repeated instructions to the jury chosen that they could return a verdict of not guilty.

2. **Receiving Stolen Goods § 5 — non-felonious possession of stolen property — sufficiency of the evidence**

> The State has a higher burden than merely showing the defendant was in possession of stolen property to convict defendant of non-felonious possession of stolen goods. It must prove beyond a reasonable doubt that defendant knew or should have known the goods were stolen. Evidence that: (1) defendant had established a part-time residence at the mobile home where the goods were found; (2) he visited the robbery victim's home several days prior to the robbery and had an opportunity to know what valuable goods were there; (3) he told the woman with whom he was living that he was helping a friend move and asked if he could store some of his friend's possessions in their mobile home; (4) he never identified the friend or made an effort to return the goods to the friend; (5) he told the woman with whom he was living not to box the clothes for storage but rather to hang them in the closet; and (6) he was wearing an article of stolen clothing at the time of his arrest was insufficient evidence of knowledge, and the State failed to meet its burden. G.S. 14-71.1 (Cum. Supp. 1979).

Judge WHICHARD dissenting.

APPEAL by defendant from *Small, Judge.* Judgment entered 16 September 1980 in Superior Court, WAYNE County. Heard in the Court of Appeals 8 April 1981.

Defendant was convicted of non-felonious possession of stolen property. The State offered evidence tending to show that on 18 January 1980, Charles Sutton returned home from work to find that his house had been burglarized and that several items of personal property had been stolen. The stolen items included a television, stereo, several articles of clothing and approximately $178 in cash. The police conducted an investigation, and as a result they obtained a search warrant, based on information supplied by a confidential informer, to search the residence of a Margie Lewis. A search of Ms. Lewis' mobile home on 21 January 1980 resulted in the discovery of the property taken from Charles Sutton.

At all times relevant, the defendant, Raphael Bizzell, was living with Ms. Lewis. On the night of the burglary, the defendant's neighbor, Ken Robinson, came to Ms. Lewis' mobile home looking for the defendant. At that time, the defendant was not home. When the defendant returned, Ms. Lewis told him that Robinson had been looking for him. The defendant left and returned later that night. When he returned this second time, he asked Ms. Lewis if he could store some furniture in her mobile home for a

friend who was in the process of moving. Ms. Lewis agreed, and a few minutes later the defendant and Robinson brought inside the television, stereo and clothes which were later identified as belonging to Charles Sutton.

Shortly after the search of the mobile home, the defendant was taken into custody. Charles Sutton, who had been with the police at the time of the search, accompanied the police to the sheriff's department and, at that time, identified a sweater being worn by the defendant as one that was stolen from his house. At trial, the defendant did not testify nor present any evidence in defense.

Upon the jury finding the defendant guilty of non-felonious possession of stolen property, the trial court sentenced him to a two-year active prison term and ordered defendant to pay restitution of $140.00. From this judgment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Thomas B. Wood, for the State.*

*Duke & Brown, by John E. Duke, for the defendant appellant.*

BECTON, Judge.

I

[1] The defendant first takes exception to the pretrial comments of the trial judge made to the jury pool. In those comments, the trial judge said:

> It would be the duty of the jury selected to hear this case and to find the defendant guilty of one of the charges set forth in the bill of indictment or possibly some lesser included charge.

The judge never told the prospective jurors at that time that they could also find the defendant not guilty. Defendant contends that this omission was so highly prejudicial that the jury, once empaneled, was predisposed to find him guilty even before the State's evidence was presented. Under G.S. 15A-1222, the trial judge is specifically admonished "not [to] express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury."

Based on the record, however, we find the failure of the trial judge to advise the jury pool in his pre-trial comments that the jury ultimately chosen could find the defendant not guilty was an obvious inadvertence. More importantly, in his charge to the jury chosen, the judge clearly and repeatedly indicated that the jury could return a verdict of not guilty. The following excerpts from the charge are pertinent:

1. [I]n the last count that will be submitted to you the defendant is charged with the misdemeanor of possession of stolen property knowing it to have been stolen and again the defendant has entered a plea of not guilty and you may return either a verdict of guilty as charged *or not guilty.*

2. [T]he defendant *having entered a plea of not guilty* to each of these charges, I would instruct you that the defendant is presumed to be innocent.

3. As to this charge [possession of stolen property] the defendant contends that you *should return a verdict of not guilty* and the State contends that you should return a verdict of guilty.

4. The defendant contends that you *should return a verdict of not guilty.*

5. So I instruct you that if you find from the evidence beyond a reasonable doubt that on or about January 18, 1980, that a Magnavox color t.v. set, Airline component set, certain articles of clothing and coins were stolen and that the defendant Raphael Bizzell possessed these articles of personal property and that he knew or had reasonable grounds to believe that these articles of personal property were stolen and that the defendant Raphael Bizzell possessed these articles or personal property for a dishonest purpose it would be your duty to return a verdict of guilty of nonfelonious possession of stolen property.

If you do not so find or have a reasonable doubt as to one or more of these things *it would be your duty to return a verdict of not guilty.*

6. When you have arrived at a verdict I would ask your Foreman to draw a line through either the word *guilty or not guilty* as to each of the charges. . . . (Emphasis added.)

The court also specifically instructed the jury that the court was prohibited by law from expressing any opinion about the case, and that it had not done so. In view of these and other portions of the charge, and of the record as a whole, we do not believe a different result would have been reached at the trial had the inadvertent comment in question not been made. The comment thus, in our view, was harmless error beyond a reasonable doubt. G.S. 15A-1443(b); *Chapman v. California*, 386 U.S. 18, 17 L.Ed. 2d 705, 87 S.Ct. 824 (1967).

## II

[2] The defendant next argues that the State's evidence was insufficient to establish that he possessed the stolen goods with knowledge that the goods had been feloniously taken. At the close of the State's case, defendant moved to dismiss all of the counts against him on the grounds of insufficiency of the evidence. A motion for nonsuit made by an accused requires a consideration of all the evidence in a light most favorable to the State. All of the State's evidence must be taken as true, and "there must be substantial evidence of all material elements of the offense to withstand the motion to dismiss." *State v. Stephens*, 244 N.C. 380, 383, 93 S.E. 2d 431, 433 (1956). *See also State v. Bass*, --- N.C. ---, 278 S.E. 2d 209 (filed 2 June 1981); *State v. Roseman*, 279 N.C. 573, 184 S.E. 2d 289 (1971); *State v. Smith*, 40 N.C. App. 72, 252 S.E. 2d 535 (1979).

The defendant was convicted of non-felonious possession of stolen goods in violation of G.S. 14-71.1 (Cum. Supp. 1979). This statute requires the State to prove beyond a reasonable doubt (1) that the defendant possessed stolen property; (2) that the property was taken pursuant to a larceny or felony; and (3) that the defendant knew or had reasonable grounds to believe that the property had been stolen. After a careful and thorough review of the record, we agree with the defendant that no substantial evidence was presented by the State to establish that he knew or had reason to know that the property in his possession had been stolen.

The key evidence relied upon by the State to show the requisite knowledge of the defendant was that (1) he had established a part-time residence at the mobile home where the goods were found; (2) he visited the robbery victim's home several days

prior to the robbery and had an opportunity to know what valuable goods were there; (3) he told Margie Lewis that he was helping a friend move and asked if he could store some of his friend's possessions in their mobile home; (4) he never identified the friend or made an effort to return the goods to the friend; (5) he told Margie Lewis not to box the clothes for storage but rather to hang them in the closet; and (6) he was wearing an article of the stolen clothing at the time of his arrest.

The defendant's failure to return the goods to the "unidentified" friend who was storing them in no way establishes that he knew the goods were stolen; defendant had only been in possession of the goods for two days before his arrest and every indication was that Ken Robinson was the "unidentified" friend. Similarly, hanging the clothes in a closet rather than boxing them, and wearing an article of the clothing provide no inference that the defendant knew or should have known that the goods had been feloniously stolen. It is also merely speculation that the defendant knew the goods were stolen because he lived part-time in the mobile home where the goods were found and because he visited the robbery victim for a few minutes several days before the burglary. Considering all of this evidence as true, the State established that the goods were indeed in defendant's possession, but failed to prove that the defendant knew, or had reasonable grounds to know, that the goods were stolen.

The only evidence of defendant's knowledge about the ownership of the property is exculpatory in nature. Margie Lewis testified that:

> He [the defendant] came to my house and I told him that Ken had been looking for him and he asked me what for and I told him I didn't know . . . . [H]e left and he went to the Quick Way down the road . . . [and] [h]e came back and he stopped at Ken's house. He stopped at Ken's and then he came back. When he came inside he asked me if it was all right to leave some furniture in the house for someone, that they were moving and I told him it was okay.

As a corroborative matter, testimony was given indicating that Ken Robinson did in fact move from Margie Lewis' neighborhood shortly after this incident. No evidence was presented to the jury concerning the defendant's knowledge that

the goods in his possession had been stolen. Defendant never told Margie Lewis that the property being moved into her house was stolen, nor did he ever make such a statement to the police. When accused of stealing the property by Charles Sutton, the defendant maintained his innocence and denied that the shirt belonged to Sutton. Moreover, Ken Robinson was never called to testify about the events of the night he helped move the stolen goods into Margie Lewis' house. Based on the State's evidence, then, not even a reasonable inference was established to show that the defendant knew or should have known that the goods were stolen. A much stronger inference is that the goods were originally in Ken Robinson's possession on the night of 18 January 1980, and that he asked the defendant to store them for him. The State has a higher burden than merely showing that the defendant was in possession of stolen property; it must prove beyond a reasonable doubt that the defendant knew or should have known the goods were stolen.

While the State's evidence in this case may "beget suspicion in imaginative minds," *State v. Palmer*, 230 N.C. 205, 214, 52 S.E. 2d 908, 914 (1949), this is not enough to support a conviction for possession of stolen property. As previously held by our Supreme Court, "[w]hen the evidence most favorable to the State is sufficient only to raise a suspicion or conjecture that the accused was the perpetrator of the crime charged in the indictment, the motion for judgment . . . of nonsuit should be allowed." *State v. Poole*, 285 N.C. 108, 119, 203 S.E. 2d 786, 793 (1974). Because we find the State's evidence insufficient to establish each and every essential element of the crime charged, we reverse the defendant's conviction and order the charges against him.

Dismissed.

Judge MARTIN (Robert M.) concurs.

Judge WHICHARD dissents.

Judge WHICHARD dissenting.

G.S. 14-71.1, the statute under which defendant was charged and convicted, is of recent origin;[1] and as a consequence there is

---

1. 1977 Sess. Laws ch. 978 § 1.

little case law interpreting and applying it. It would seem, however, that the standard of proof established in cases of receiving stolen goods would be equally applicable to cases involving possessing stolen goods. With regard to the question of proof that a defendant had knowledge that the goods had been stolen, that standard is as follows:

> [G]uilty knowledge need not be shown by direct proof of actual knowledge, as by proof that defendant witnessed the theft, or that such theft was acknowledged to him by the person from whom he received the goods; rather, such knowledge may be implied by evidence of circumstances surrounding the receipt of the goods. [Citation omitted.] The test is whether defendant knew, or *must have known*, that the goods were stolen. [Citation omitted.]

*State v. Scott*, 11 N.C. App. 642, 645, 182 S.E. 2d 256, 258 (1971) (emphasis in original). As stated in *State v. Hart*, 14 N.C. App. 120, 122, 187 S.E. 2d 351, 352, *cert. denied*, 281 N.C. 625, 190 S.E. 2d 469 (1972): "Guilty knowledge may be inferred from incriminating circumstances." I find the circumstances here, viewed in the light most favorable to the State, sufficiently incriminating to permit a reasonable inference that defendant knew or must have known that the goods in question were stolen, and thus sufficient to support a finding to that effect by the jury. I therefore vote to find no prejudicial error in defendant's trial, and I respectfully dissent from the majority opinion reversing the conviction and dismissing the charge.