STATE OF NORTH CAROLINA v. ROBERT HASKINS, JR.

No. 823SC589

(Filed 21 December 1982)

1. **Receiving Stolen Goods § 5.1— possession of stolen property—sufficiency of evidence of guilty knowledge**

   The State's evidence was sufficient for the jury to find that defendant possessed stolen property "knowing or having reasonable grounds to believe the same to have been feloniously stolen or taken" in violation of G.S. 14-71.1

where it tended to show that three guns were stolen from the victim's home; on the day the guns were stolen, defendant attempted to sell in the same community, at considerably less than their true value, guns which fit the description of those taken from the victim's home; defendant related a story which differed from that of his companion as to acquisition of the guns; and defendant was observed on that day in a car which contained a shotgun similar to a shotgun taken from the victim's home.

**2. Criminal Law § 163— assignment of error to the charge—failure to object at trial**

An assignment of error to the trial court's instructions was not properly before the appellate court for review where defendant failed to object to such portion of the charge before the jury retired. Appellate Rule 10(b)(2).

**3. Criminal Law § 113.7— mere presence at crime scene—refusal to give requested instruction**

The trial court did not err in refusing to give defendant's requested instruction that mere presence at the scene of a crime does not make a person guilty of the crime where the evidence established that defendant was an active participant in the crime charged rather than a mere bystander.

APPEAL by defendant from *Reid, Judge*. Judgment entered 20 January 1982 in Superior Court, CRAVEN County. Heard in the Court of Appeals 7 December 1982.

Defendant appeals from a judgment of imprisonment entered upon his conviction of possession of stolen property.

*Attorney General Edmisten, by Special Deputy Attorney General John R. B. Matthis and Assistant Attorney General James C. Gulick, for the State.*

*John H. Harmon for defendant appellant.*

WHICHARD, Judge.

[1] Defendant contends the court erred in denying his motion to dismiss. He argues the evidence failed to establish that he possessed stolen property "knowing or having reasonable grounds to believe the same to have been feloniously stolen or taken," as required by G.S. 14-71.1.

The requisite guilty knowledge may be inferred from incriminating circumstances. *See State v. Allen*, 45 N.C. App. 417, 421, 263 S.E. 2d 630, 633 (1980); *State v. Hart*, 14 N.C. App. 120, 122, 187 S.E. 2d 351, 352, *cert. denied*, 281 N.C. 625, 190 S.E. 2d 469 (1972). *See also State v. Bizzell*, 53 N.C. App. 450, 457, 281

S.E. 2d 57, 61 (1981) (Whichard, J., dissenting). The motion was properly denied if there was competent evidence to support the allegations in the indictment. The evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. Contradictions and discrepancies are for the jury to resolve and do not warrant dismissal. *State v. Summitt*, 301 N.C. 591, 600, 273 S.E. 2d 425, 430, *cert. denied*, 451 U.S. 970, 68 L.Ed. 2d 349, 101 S.Ct. 2048 (1981); *State v. McKinney*, 288 N.C. 113, 117, 215 S.E. 2d 578, 581-82 (1975).

The State's evidence tended to show the following:

Zeb Harrison had kept three guns in his home in New Bern— a .22 automatic Revelation rifle, a .35 caliber Marlin rifle, and a .12 gauge automatic five shot Remington model 1100. The guns were there when he left on 26 October 1981, but were missing when he returned. He had given no one permission to go into the house or to remove the guns.

On the same day defendant and a companion went to a gun shop in New Bern and attempted to sell a .35 caliber Marlin rifle and a Remington model 1100 shotgun. Defendant told the proprietor he wanted to sell the guns because he had to make a trailer payment that afternoon. He also told him he had bought the shotgun about a year earlier. His companion subsequently told the proprietor, however, that he had bought the shotgun about three years earlier. The proprietor "got jitterous" because of these conflicting accounts and declined to purchase the guns. He also noted that defendant and his companion wanted $150 for guns which were worth approximately $500.

On the same day defendant and his companion also approached Dick McLawhorn about buying the guns. Defendant told McLawhorn he wanted $175 for the guns or $100 for each if they were purchased separately. McLawhorn told defendant he only had $40, and defendant sold him the .35 Marlin for $40. Defendant's companion took the money, but gave it to defendant. McLawhorn took the gun to the Sheriff's Department and told officers there that he had purchased a gun he had heard was stolen.

On the same day a police officer stopped a car driven by defendant's companion in which defendant was a passenger. He

observed a .12 gauge shotgun on the rear seat. A brown paper bag on the seat between defendant and his companion contained .35 caliber ammunition and .12 gauge shotgun shells.

Viewed, as required, in the light most favorable to the State, the foregoing evidence sufficed to raise more than a suspicion or conjecture as to defendant's guilt. Defendant's attempts, on the day Harrison's guns were stolen, to sell in the same community, at considerably less than their true value, guns which fit the description of those taken from Harrison; his relating a story which differed from that of his companion as to acquisition of the guns; and his being observed on that day in a car which contained a .12 gauge shotgun, when one of the items taken from Harrison's home was a .12 gauge shotgun, combined to constitute incriminating circumstances sufficient to permit the jury to infer that defendant possessed the guns which had been taken from Harrison's house "knowing or having reasonable grounds to believe the same to have been feloniously stolen or taken." G.S. 14-71.1. *See Allen, supra; Hart, supra.* The motion to dismiss thus was properly denied.

[2] Defendant next contends the court erred in instructing on the elements of felonious possession of stolen property. Defendant did not, however, object at trial to the portion of the charge to which he now assigns error. The case was tried subsequent to the effective date of present Rule 10(b)(2), Rules of Appellate Procedure, which makes objection before the jury retires a condition of assigning error to a portion of the charge. The record clearly establishes that defendant had opportunity to make the objection before the jury retired. This assignment of error thus is not before us for review.

[3] Defendant finally contends the court erred in denying his requested instruction that mere presence at the scene of a crime does not make a person guilty of the crime. When a requested instruction is not supported by the evidence, the court does not err in refusing to give it. *See State v. Moore,* 301 N.C. 262, 275, 271 S.E. 2d 242, 250 (1980); *State v. Bailey,* 254 N.C. 380, 386, 119 S.E. 2d 165, 170 (1961). The evidence here established defendant as the person who went to a gun shop wanting to sell the guns, made the initial approach about selling them to McLawhorn, and told both the shop proprietor and McLawhorn that he needed the

money to make a trailer payment. It also established that he received the money from the sale to McLawhorn. It thus clearly showed him to be an active participant rather than a mere bystander, and the court therefore did not err in denying the requested instruction.

No error.

Judges VAUGHN and WELLS concur.