STATE OF NORTH CAROLINA v. MICHAEL LINDSAY TAYLOR

No. 825SC1053

(Filed 20 September 1983)

1. **Receiving Stolen Goods § 7— possession of stolen pistol—misdemeanor conviction—excessive sentence**

   Defendant's conviction of possession of a stolen firearm was a conviction for a misdemeanor where there was no evidence that the firearm had a value of more than $400.00 or that it was stolen from the person or by a breaking or entering in violation of G.S. 14-51, 14-53, 14-54 or 14-57, and a sentence of five years imposed on defendant was excessive. G.S. 14-72(a), (b)(1) and (2) and (c).

2. **Receiving Stolen Goods § 5.1— possession of stolen goods—knowledge that goods stolen—sufficiency of evidence**

   The State's evidence was sufficient to permit an inference that defendant knew or had reasonable grounds to believe that a pistol was stolen so as to support his conviction of possession of stolen goods where it tended to show that when defendant was accosted by a man who simply yelled at him, defendant removed the pistol from his coat, stooped near a car, and surreptitiously attempted to hide or dispose of the pistol by throwing it into the bushes.

APPEAL by defendant from *Barefoot, Judge.* Judgment entered 8 June 1982 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 18 March 1983.

Upon an indictment proper in form, defendant was tried by jury on the charges of breaking and entering a motor vehicle with intent to commit larceny, larceny of a firearm, and felonious possession of a stolen firearm.

Evidence for the State tended to show the following facts: at about 5:00 p.m., on 27 February 1982, Roy K. Trimer parked his

1981 Ford pickup truck in an alley at 217 Dock Street, Wilmington, North Carolina. Upon returning to his truck at about 12:00 midnight, Trimer discovered that someone had broken into the truck and taken his .32 caliber German semi-automatic pistol. He immediately reported the breaking and entering and theft to the police. That evening, between 7:00 and 8:00 p.m., James Blake had observed defendant in the vicinity of the ABC store located on Second Street, in the city of Wilmington. Defendant had a bicycle and rode back and forth past the liquor store about ten times. Thinking that defendant might be preparing to rob the store, Blake had someone call the police. Before the police arrived, defendant walked into a nearby alley. Blake went to the entrance of the alley to keep defendant under surveillance. While watching defendant, Blake yelled at him. Defendant stopped walking and stooped near a car parked in the alley. While in a stooping position, defendant removed a pistol from his coat and threw it into some nearby bushes. Officer T. R. Richardson arrived, and after Blake informed him of what he had observed, Officer Richardson searched and found the pistol defendant had discarded. Later, it was determined that the discarded pistol, valued at $50 to $75, was the one taken from Trimer's truck.

Defendant presented no evidence at trial. The jury found defendant guilty of possession of a stolen firearm and not guilty of the charges of breaking and entering and larceny. From a judgment imposing an active sentence of five (5) years, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*William Norton Mason, for defendant appellant.*

JOHNSON, Judge.

[1] Before discussing defendant's assignment of error, we, pursuant to Rule 2 of the Rules of Appellate Procedure, will consider the propriety of the defendant's sentence to "prevent manifest injustice" to the defendant. Defendant did not assign error to the sentence he received, nor did he present the question in his appellate brief.

Possession of stolen goods is a statutory crime created by the Legislature and is of recent vintage. *State v. Perry*, 305 N.C. 225, 287 S.E. 2d 810 (1982). The possession statutes were passed to provide protection for society in those incidences where the State does not have sufficient evidence to prove who committed the larceny, or the elements of receiving stolen property. *Id.*

G.S. 14-72(a) divides the offense of receiving or possessing stolen goods into the categories of felony or misdemeanor on the basis of the value of the goods stolen. The receiving or possessing of stolen goods of the value of more than $400, knowing or having reasonable grounds to believe that the goods are stolen is a felony; and except as provided in G.S. 14-72(b) and (c), the receiving or possessing of stolen goods knowing or having reasonable grounds to believe them to be stolen, where the value of the property or goods is not more than $400, is a misdemeanor punishable under G.S. 14-3(a).

G.S. 14-72(c) provides:

The crime of possessing [or receiving] stolen goods knowing or having reasonable grounds to believe them to be stolen *in the circumstances described in subsection (b)* is a felony, without regard to the value of the property in question. (Emphasis added.)

The "circumstances" described in subsection (b) which raise the possession or receiving of stolen goods [a stolen firearm] to the level of a felony are confined to those circumstances described in subsections (b)(1) and (2), to wit: the possession or receiving of goods stolen from the person, or stolen pursuant to a violation of G.S. 14-51, 14-53, 14-54 or 14-57. Subsections (b)(3) and (4) do not describe "circumstances" making the *possession* or *receiving* of stolen goods a felony. Subsections (b)(3) and (4) provide, in pertinent part, that the crime of *larceny* is a felony, without regard to the value of the property in question, if the larceny is of any explosive or incendiary device or substance or of any firearm.

The record in this case reveals that the firearm did not value more than $400 and there is no evidence the firearm was stolen from the person or pursuant to G.S. 14-51, 14-53, 14-54 or 14-57. The trial judge instructed the jury on the elements of misdemeanor possession of stolen goods and defendant was sentenced

to a term of five (5) years. We hold that defendant was convicted of misdemeanor possession of stolen goods and that the sentence imposed exceeds the statutory maximum. G.S. 14-72(a) provides that for a misdemeanor conviction of possession of stolen goods, the penalty shall be as provided under G.S. 14-3(a). That statute provides that punishment by imprisonment shall not exceed a term of two (2) years.

[2] By his sole assignment of error, defendant contends the trial court erred in its denial of his motion to dismiss made at the close of the State's evidence. Defendant argues that the evidence was insufficient to establish that defendant "knew or had reasonable grounds to believe that the pistol was stolen."

A motion to dismiss in a criminal prosecution is properly denied if there is any competent evidence to support the allegations of the indictment, considering the evidence in the light most favorable to the State, and giving it the benefit of every reasonable inference fairly deducible therefrom, *State v. Bell*, 285 N.C. 746, 208 S.E. 2d 506 (1974).

The essential elements of misdemeanor possession of stolen goods are (1) possession of personal property, (2) which has been stolen, (3) the possessor knowing or having reasonable grounds to believe the property to have been stolen, and (4) the possessor acting with a dishonest purpose. *See State v. Davis*, 302 N.C. 370, 275 S.E. 2d 491 (1981); *State v. Scott*, 11 N.C. App. 642, 182 S.E. 2d 256 (1971); G.S. 14-71.1, 14-72; *see also* N.C.P.I. —Crim. § 216.46.

G.S. 14-71, the receiving statute, states the element of knowledge as follows: "knowing or having reasonable grounds to believe the same to have been feloniously stolen or taken." G.S. 14-71.1, the possessing statute, contains the identical language: "knowing or having reasonable grounds to believe the same to have been feloniously stolen or taken." In the case of *State v. Davis, supra,* the Supreme Court held that possession of stolen goods is not a lesser included offense of receiving stolen goods because the elements of *receiving* and *possessing* involved separate and distinct acts, the one not present in the other. As to the question of whether the element that defendant knew or had reasonable grounds to believe that the goods were feloniously stolen or taken would be the same for the two offenses, the Supreme Court expressed no opinion. However, in light of the

State v. Taylor

Legislature's use of the identical language in delineating the knowledge requirement for the two offenses, we conclude that with regard to the question of proof that defendant knew or had reasonable grounds to believe that the firearm in question had been stolen, the standard of proof established in cases of receiving stolen goods is equally applicable to cases involving possessing stolen goods. *See State v. Bizzell,* 53 N.C. App. 450, 457, 281 S.E. 2d 57, 61 (1981) (Whichard, J., dissenting.)

Our courts have stated the standard for the offense of receiving stolen property as follows:

> [G]uilty knowlege need not be shown by direct proof of actual knowledge, as proof that defendant witnessed the theft, or that such theft was acknowledged to him by the person from whom he received the goods; rather, such knowledge may be implied by evidence of circumstances surrounding the receipt of the goods.

*State v. Scott, supra* at 645, 182 S.E. 2d at 258. Knowledge that property was stolen may be inferred from incriminating circumstances. *State v. Hart,* 14 N.C. App. 120, 187 S.E. 2d 351, *cert. denied,* 281 N.C. 625, 190 S.E. 2d 469 (1972).

The key evidence relied upon by the State to show the required knowledge of the defendant was that once defendant was accosted by James Blake who simply yelled at him, defendant removed the firearm from his coat, stooped near a car and attempted to surreptitiously hide or dispose of it by throwing it into nearby bushes. These circumstances, viewed in the light most favorable to the State, are sufficiently incriminating to permit a reasonable inference that defendant knew or must have known that the firearm was stolen, and thus sufficient to support a finding to that effect by the jury. It is the function of the jury to determine the facts in the case from the evidence and to determine what the evidence proves or fails to prove. *State v. Martin,* 6 N.C. App. 616, 170 S.E. 2d 539 (1969), *cert. denied,* 276 N.C. 184 (1970). Therefore, defendant's assignment of error is without merit.

In the trial of defendant's case we find no error. However, it is clear that the trial court erred in sentencing defendant to a term of five years, and the sentence must be vacated and the case remanded for resentencing only.

No error and remanded.

Judges WELLS and HILL concur.