STATE OF NORTH CAROLINA v. CHARLES LEE ALLEN

No. 8520SC536

(Filed 4 February 1986)

**Receiving Stolen Goods § 5.2— possession of stolen VCRs—guilty knowledge—insufficiency of evidence**

In a prosecution for possession of stolen goods, evidence was insufficient to establish that defendant had knowledge or reasonable grounds to believe that the property in his car trunk was stolen and he therefore acted with a guilty purpose where the State relied on circumstantial evidence tending to show that two others stole two VCRs from a Roses store; defendant was in Roses at the same time as the thieves; defendant was at a nearby car wash approximately one hour later, again at the same time as the thieves; and as the result of a brief conversation between one thief and defendant, defendant agreed to give them a short ride and allowed them to place the contents of a box in the trunk of his car.

Judge WEBB dissenting.

APPEAL by defendant from *Collier, Robert A., Jr., Judge.* Judgment entered 14 March 1985 in Superior Court, UNION County. Heard in the Court of Appeals 24 October 1985.

Defendant was charged in an indictment with felonious possession of stolen goods consisting of two video cassette recorders, the personal property of Roses Stores, Inc.

The facts, pertinent to the errors assigned on this appeal, may be summarized as follows. Phillip Oxner and Warren Scott

Yarborough stole two VCR's from a display in Roses store in Monroe on 20 October 1984. On 20 October 1984 defendant was seen by a Monroe police officer, Lieutenant Frank Benton, at Roses store in Monroe at about 7:00 p.m. At the time Officer Benton was off-duty and in the store with his wife for a brief period, approximately ten minutes. The defendant approached Officer Benton and exchanged pleasantries. At the same time Officer Benton saw Mr. Yarborough and Mr. Oxner. Oxner also spoke a few seconds with Officer Benton; Yarborough was then some distance away. After leaving Roses, defendant went to a car wash on Stafford Street in Monroe. Meanwhile Oxner and Yarborough removed the two VCR's from a display in Roses, took them out the back door, placed them in a large box from a nearby dumpster, and walked with the box toward New Town, in the direction of the car wash. When Oxner saw defendant vacuuming his car at the car wash, he asked defendant for a ride to Oxner's sister's home, no more than two miles away. Yarborough and Oxner then took the VCR's out of the box and put them into the trunk of defendant's car. Within a block or two of Oxner's sister's house Police Officer Sonny Rogers spotted defendant driving his car in a weaving manner, crossing the center line on several occasions. Rogers stopped defendant, noticed a slight to moderate smell of alcohol on defendant, and asked to search the car, including the trunk. Defendant assented to the search which led to the discovery of the two VCR's. From a verdict of guilty and a sentence in excess of the presumptive term, five years, defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General T. Buie Costen, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Robin E. Hudson, for defendant appellant.*

JOHNSON, Judge.

The essential elements of feloniously possessing stolen property are (1) possession of personal property, (2) valued at more than $400.00, (3) which has been stolen, (4) the possessor knowing or having reasonable grounds to believe the property to have been stolen, and (5) the possessor acting with a dishonest purpose. *State v. Davis*, 302 N.C. 370, 373, 275 S.E. 2d 491, 493 (1981). *See* G.S. 14-71.1, 14-72. On appeal, defendant assigns as error the

court's finding the evidence sufficient to show that (1) defendant knew or had reasonable grounds to believe the property had been stolen and (2) defendant acted with a dishonest purpose.

In considering a motion for nonsuit on appeal the Court must view all evidence in the light most favorable to the State, *State v. Bell*, 285 N.C. 746, 208 S.E. 2d 506 (1974), in an effort to determine whether the State met its burden of presenting substantial evidence of each element of the offense charged, *State v. Powell*, 299 N.C. 95, 261 S.E. 2d 114 (1980). When the motion for nonsuit calls into question the sufficiency of circumstantial evidence, the question for the Court is what reasonable inference of guilt can be drawn from the circumstances. *State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679 (1967). The Court must also consider defendant's evidence rebutting the inference of guilt when it is not inconsistent with the State's evidence. *State v. Bates*, 309 N.C. 528, 308 S.E. 2d 258 (1983); *State v. Bruton*, 264 N.C. 488, 142 S.E. 2d 169 (1965). If, when the evidence is so considered, it serves only to raise a suspicion or conjecture that the defendant committed the offense, it is insufficient, even if the suspicion is strong. *State v. Evans*, 279 N.C. 447, 453, 183 S.E. 2d 540, 544 (1971); *Cutler, supra* at 383, 156 S.E. 2d at 682. These controlling principles of law are more easily stated than applied to the evidence in a particular case. *Cutler, supra* at 383, 156 S.E. 2d at 682. Applying these principles to the evidence introduced in the present case, we reach the conclusion that, while the evidence presented raises a suspicion that defendant knew the property was stolen and therefore acted with a guilty purpose, it does not rise above conjecture.

There is no direct evidence that defendant knew the property in his car trunk was stolen. The State relies entirely upon circumstantial evidence. When the circumstantial evidence is viewed in the light most favorable to the State, the evidence shows that (1) defendant was in Roses at the same time as Yarborough and Oxner, (2) defendant was at a nearby car wash approximately one hour later, again at the same time as Yarborough and Oxner, and (3) as the result of a brief conversation between Oxner and defendant, defendant agreed to give them a short ride and allowed them to place the contents of a box in the trunk of his car. Granted, these facts give rise to a suspicion that defendant possessed the requisite knowledge; however, these facts just as reasonably lead to an inference that defendant had no knowledge

that he was transporting stolen property. Conjecture, not reasonable inference of guilt, is raised.

All the surrounding circumstances indicate that this was not a well-planned venture. Evidence shows Yarborough and Oxner did not decide to steal the merchandise until moments before doing so — after they saw the VCR display. There is no evidence showing that defendant was with Oxner and Yarborough while in Roses. The only evidence tending to link them together in Roses was the statement of off-duty Officer Benton that Oxner came up to him (Benton) at the same time defendant was talking to Officer Benton. Up to that time, Officer Benton said he saw defendant off by himself, not with Oxner and Yarborough. This is consistent with the testimony of both Yarborough and defendant. Officer Benton testified, "whether they were together I didn't know." An inference that defendant was with Oxner and Yarborough or had knowledge of the theft while he was in Roses is not reasonable on the evidence and is highly speculative.

After removing the VCR's from the display, Yarborough and Oxner took them out the back door. Only then did they locate a box from a nearby dumpster in order to conceal the VCR's. Yarborough testified that he did not tell defendant the box contained stolen property. He also testified that he saw Oxner speak with defendant at the car wash, out of his hearing. The conversation lasted only "seconds or minutes." The only remaining evidence supportive of defendant learning of the theft rests upon (1) this brief, unheard conversation between Oxner and defendant and (2) defendant having reasonable grounds to believe stolen property was placed in his car when Yarborough put something from a box into his trunk. On a motion to dismiss, the Court must consider the defendant's evidence which explains or clarifies that offered by the State. *Bates, supra.* According to defendant's undisputed testimony, Oxner did not ask to put something in the trunk until after defendant agreed to give them a ride. Furthermore, defendant gave Oxner the key to his trunk. According to both defendant's and Yarborough's testimony, it was Oxner and Yarborough who put the contents of the box into the trunk while defendant was vacuuming his car. It is reasonable to infer defendant did not even see the contents of the box. This evidence is not sufficient to conclude that defendant had reasonable grounds to believe the property was stolen. Taken together these facts are simply too

tenuous to establish the element of knowledge sufficiently to take the case to the jury.

Previously this Court has faced the difficult question of whether the record showed sufficient evidence to withstand non-suit on the element of defendant's knowledge when the goods were undisputably in the defendant's possession. In *State v. Bizzell*, 53 N.C. App. 450, 281 S.E. 2d 57 (1981) (Whichard, J., dissenting), the majority reversed the conviction for lack of evidence showing guilty knowledge. In *Bizzell*, the defendant had established a part-time residence with his girlfriend in her mobile home. Several days before the burglary the defendant had visited the home of the victim. On the night of the burglary, the defendant's neighbor came to the mobile home looking for the defendant. When the defendant returned and his girlfriend told him his neighbor was looking for him, the defendant left. When he returned later that night he asked his girlfriend whether he could store some furniture for a friend. With her approval, the defendant and his neighbor stored the stolen property, unboxed in a closet. The defendant did not identify the friend, did not attempt to return the goods in the three days he possessed them and was wearing an item of stolen clothing at the time of his arrest. The majority concluded that "[w]hile the State's evidence in this case may 'beget suspicion in imaginative minds,' (citation omitted), this is not enough to support a conviction for possession of stolen property." *Id.* at 456, 281 S.E. 2d at 61. We find the evidence begetting suspicion in *Bizzell* even greater than in the instant case.

In *State v. Kelly*, 39 N.C. App. 246, 249 S.E. 2d 832 (1978), this Court upheld a possession of stolen property conviction when guilty knowledge was challenged. In that case, the defendant's behavior was sufficiently incriminating to bridge the gap between suspicion and a reasonable inference of guilt. In *Kelly*, police officers went to the home of the defendant to arrest a third party. No one answered. The police came upon property in the backyard, later determined to be stolen. When police returned the next day with a search warrant, defendant was found "hiding in the bushes behind the shed" in the backyard, squatting in a clump of honeysuckle with his face to the ground.

Other cases upholding convictions when knowledge was at issue have contained some evidence of incriminating behavior on the part of the accused. In *State v. Taylor*, 64 N.C. App. 165, 307 S.E. 2d 173 (1983), the defendant took a stolen gun out of his coat and surreptitiously threw it into some bushes when he was approached by a man who simply yelled at him. In *State v. Haskins*, 60 N.C. App. 199, 298 S.E. 2d 188 (1982), the defendant and his companion, when attempting to sell stolen guns for less than their true value, gave inconsistent stories about how the defendant had obtained the guns. The inconsistencies dissuaded the gun shop proprietor from purchasing the guns. In the case *sub judice*, defendant exhibited no such incriminating behavior when Officer Rogers stopped his car. Rather, defendant freely submitted to a thorough search of the passenger compartment and the trunk.

Our holding that defendant had no knowledge or reasonable grounds to believe that the property in his trunk was stolen necessarily leads to a holding that he lacked a guilty purpose. Because the evidence was insufficient to establish two necessary elements of the crime charged, defendant's conviction is reversed.

Reversed.

Judge PHILLIPS concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. I do not believe that in passing on the defendant's motion to dismiss the majority has considered the evidence in the light most favorable to the State. The State's evidence showed that an officer of the City of Monroe Police Department saw the defendant, Oxner and Yarborough in a store. The defendant was with Oxner a part of the time they were in the store. A short time after the three men left the store two VCRs were missing from a display case. Within an hour the VCRs were discovered in the trunk of the defendant's automobile. Oxner and Yarborough were with the defendant when his automobile was stopped. I believe this is sufficient evidence for the jury to find the defendant guilty of possession of stolen property.

The majority has used the defendant's evidence in passing on the motion to dismiss. By doing so they have failed to consider the evidence in the light most favorable to the State.

I vote to find no error.