STATE OF NORTH CAROLINA v. JEREMY PAUL WEBB

No. COA08-198

(Filed 16 September 2008)

**Possession of Stolen Property— felony possession of stolen goods—motion to dismiss—sufficiency of evidence—actual knowledge—reasonable belief**

> The trial court erred by denying defendant's motion to dismiss the charge of felony possession of stolen goods because: (1) the State failed to offer any direct evidence tending to show that defendant had actual knowledge the pertinent property was stolen; (2) the State failed to present any evidence tending to show that defendant had reasonable grounds to believe the property was stolen; (3) the State's own witness testified that he stole the items alone, never told defendant they were stolen, actively concealed the property from defendant so that he would not get kicked out of defendant's apartment, and told defendant the property belonged to him whenever defendant or defendant's wife questioned him; and (4) viewed in the light most favorable to the State, the facts, including the number and type of stolen items discovered inside defendant's apartment, that some of the items were found in plain view, and that defendant gave a false name when first questioned by police only raised a mere suspicion or conjecture that defendant possessed the requisite knowledge.

Appeal by defendant from judgment entered 29 August 2007 by Judge James W. Morgan in Catawba County Superior Court. Heard in the Court of Appeals 27 August 2008.

*Attorney General Roy Cooper, by Assistant Attorney General David P. Brenskelle, for the State.*

*Jarvis John Edgerton, IV, for defendant-appellant.*

TYSON, Judge.

Jeremy Paul Webb ("defendant") appeals from judgment entered after a jury found him to be guilty of: (1) felony possession of stolen goods pursuant to N.C. Gen. Stat. § 14-71.1 and (2) attaining the status of habitual felon pursuant to N.C. Gen. Stat. § 14-7.1. We reverse.

## I. Background

On 24 January 2006, Lieutenant Rick Coffey ("Lieutenant Coffey") of the Long View Police department received a call from the Hickory Pawn and Gun to report that Christopher Garrett ("Garrett") had attempted to pawn an item previously reported as stolen. Officers determined that Garrett currently resided with defendant and arrested him on outstanding warrants on 26 January 2006. Garrett confessed to committing two burglaries and informed the officers that some of the stolen items were stored in defendant's apartment.

Garrett told police he had moved into defendant's apartment earlier that month and had resided there ever since. Garrett stated that he had hidden the items obtained from the burglaries in various locations within defendant's apartment. Garrett also stated that he feared being kicked out of the apartment if defendant found out about the stolen property. When defendant or defendant's wife asked about the property, Garrett replied that some of the property was his and other property had been given to him as payment. Police obtained a search warrant for defendant's apartment.

Sergeant Michael Ford ("Sergeant Ford") of the Long View Police Department arrived at defendant's apartment prior to the issuance of the search warrant and informed defendant that officers were going to search his apartment. Defendant offered to go inside and get whatever the officers wanted. Sergeant Ford declined defendant's offer and awaited the arrival of the officers with the search warrant. Defendant left his apartment to go pick up his wife and children. Defendant returned, was presented with the search warrant for his apartment, and was asked to produce his driver's license. Defendant stated that he had lost his driver's license and that his name was "James Conway." Defendant disclosed his real name after the officers told him they were going to contact his landlord to verify his identity.

Officers found a variety of property stolen by Garrett inside of defendant's apartment. Stolen property was found inside duffel bags hidden within bathroom cabinets, inside closets, underneath or behind a couch, and inside of and next to a green storage container underneath the kitchen table.

Defendant was indicted for possession of stolen goods and attaining habitual felon status on 2 April 2007. Defendant's trial began 27 August 2007. Defendant moved to dismiss at the close of the State's evidence and at the close of all the evidence. The trial court denied his motion. Defendant did not testify or present any evidence.

On 29 August 2007, the jury found defendant to be guilty of "possession of property. . . . stolen pursuant to a breaking or entering" and attaining the status of habitual felon. The trial court determined defendant was a prior record level V offender and sentenced him to a minimum term of 128 months and a maximum term of 163 months incarceration. Defendant appeals.

## II.  Issue

Defendant argues the trial court erred when it denied his motion to dismiss due to insufficiency of evidence.

## III.  Standard of Review

The standard for ruling on a motion to dismiss is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense. Substantial evidence is relevant evidence which a reasonable mind might accept as adequate to support a conclusion. In ruling on a motion to dismiss, the trial court must consider all of the evidence in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal.

*State v. Wood*, 174 N.C. App. 790, 795, 622 S.E.2d 120, 123 (2005) (internal citations and quotations omitted).

## IV.  Motion to Dismiss

Defendant argues the trial court erred when it denied his motion to dismiss because the State "failed to tender substantial evidence that [defendant] was aware the items . . . Garrett brought into his house were stolen." We agree.

"The essential elements of possession of stolen property are: (1) possession of personal property; (2) which has been stolen; (3) the possessor knowing or having reasonable grounds to believe the property to have been stolen; and (4) the possessor acting with a dishonest purpose." *State v. Perry*, 305 N.C. 225, 233, 287 S.E.2d 810, 815 (1982) (citations and footnote omitted). This Court has stated, "[w]hether the defendant knew or had reasonable grounds to believe that the [property was] stolen must necessarily be proved through inferences drawn from the evidence." *State v. Brown*, 85 N.C. App. 583, 589, 355 S.E.2d 225, 229 (citation omitted), *disc. rev. denied*, 320 N.C. 172, 358 S.E.2d 57 (1987).

Here, the State has failed to offer any direct evidence which tended to show defendant had actual knowledge the property was stolen. The State also failed to present any evidence which tended to show defendant had reasonable grounds to believe that the property was stolen. The State's own witness, Garrett, testified that he: (1) stole the items alone; (2) never told defendant they were stolen; (3) actively concealed the property from defendant so that he would not get kicked out of defendant's apartment; and (4) told defendant the property belonged .to him whenever defendant or defendant's wife questioned him.

In *State v. Bizzell*, this Court reversed the defendant's conviction of non-felonious possession of stolen property for lack of evidence which tended to establish the defendant's guilty knowledge. 53 N.C. App. 450, 456, 281 S.E.2d 57, 61 (1981).

The key evidence relied upon by the State to show the requisite knowledge of the defendant was that (1) he had established a part-time residence at the mobile home where the goods were found; (2) he visited the robbery victim's home several days prior to the robbery and had an opportunity to know what valuable goods were there; (3) he told Margie Lewis that he was helping a friend move and asked if he could store some of his friend's possessions in their mobile home; (4) he never identified the friend or made an effort to return the goods to the friend; (5) he told Margie Lewis not to box the clothes for storage but rather to hang them in the closet; and (6) he was wearing an article of the stolen clothing at the time of his arrest.

*Id.* at 454-55, 281 S.E.2d at 60. This Court held that "[w]hile the State's evidence in this case may beget suspicion in imaginative minds, this is not enough to support a conviction for possession of

stolen property." *Id.* at 456, 281 S.E.2d at 61 (internal citation omitted). We find the evidence held to be insufficient in *Bizzell* substantially greater than the evidence in the case at bar. 53 N.C. App. at 459, 281 S.E.2d at 61.

In *State v. Allen,* this Court reversed the defendant's conviction of felonious possession of stolen property. 79 N.C. App. 280, 285, 339 S.E.2d 76, 79, *aff'd per curium,* 317 N.C. 329, 344 S.E.2d 789 (1986). This Court stated "[the State's evidence] g[ave] rise to a suspicion that [the] defendant possessed the requisite knowledge; however, the[] facts just as reasonably lead to an inference that [the] defendant had no knowledge that he was transporting stolen property. Conjecture, not reasonable inference of guilt, [was] raised." *Id.* at 282-83, 339 S.E.2d at 78. This Court held "[the] evidence [was] not sufficient to conclude that [the] defendant had reasonable grounds to believe the property was stolen. Taken together the[] facts [were] simply too tenuous to establish the element of knowledge sufficiently to take the case to the jury." *Id.* at 283-84, 339 S.E.2d at 78.

> In *State v. Kelly,* 39 N.C. App. 246, 249 S.E.2d 832 (1978), this Court upheld a possession of stolen property conviction when guilty knowledge was challenged. In that case, the defendant's behavior was sufficiently incriminating to bridge the gap between suspicion and a reasonable inference of guilt. In *Kelly,* police officers went to the home of the defendant to arrest a third party. No one answered. The police came upon property in the backyard, later determined to be stolen. When police returned the next day with a search warrant, [the] defendant was found "hiding in the bushes behind the shed" in the backyard, squatting in a clump of honeysuckle with his face to the ground.
>
> Other cases upholding convictions when knowledge was at issue have contained some evidence of incriminating behavior on the part of the accused. In *State v. Taylor,* 64 N.C. App. 165, 307 S.E.2d 173 (1983), [*aff'd in part and rev'd in part on other grounds,* 311 N.C. 380, 317 S.E.2d 369 (1984),] the defendant took a stolen gun out of his coat and surreptitiously threw it into some bushes when he was approached by a man who simply yelled at him. In *State v. Haskins,* 60 N.C. App. 199, 298 S.E.2d 188 (1982), the defendant and his companion, when attempting to sell stolen guns for less than their true value, gave inconsistent stories about how the defendant had obtained the guns.

*Id.* at 284-85, 339 S.E.2d at 79.

The State contends defendant's knowledge that the property was stolen may be inferred from the: (1) number and type of stolen items discovered inside defendant's apartment; (2) fact that some of the items were found in plain view; and (3) fact that defendant gave a false name when first questioned by the police. Viewed in the light most favorable to the State, these facts only raise a mere suspicion or conjecture that defendant possessed the requisite knowledge.

"When the evidence most favorable to the State is sufficient only to raise a suspicion or conjecture that the accused was the perpetrator of the crime charged in the indictment, the motion for judgment . . . of nonsuit should be allowed." *State v. Poole*, 285 N.C. 108, 119, 203 S.E.2d 786, 793 (1974) (citation omitted). The trial court erred when it denied defendant's motion to dismiss. *Id.* The trial court's judgment is reversed.

## V. Conclusion

The State failed to present substantial evidence which tended to show or to raise an inference that defendant knew or had reasonable grounds to believe that the property found in his apartment was stolen. *Perry*, 305 N.C. at 233, 287 S.E.2d at 815. The trial court erred when it denied defendant's motion to dismiss. *Wood*, 174 N.C. App. at 795, 622 S.E.2d at 123. We reverse the trial court's judgment.

Reversed.

Judges CALABRIA and ELMORE concur.