STATE v. ROUSON

[226 N.C. App. 562 (2013)]

---

STATE OF NORTH CAROLINA
v.
JONTE ROUSON

No. COA12-382

Filed 16 April 2013

1. **Search and Seizure—traffic stop—show of force—argument without merit**

    The trial court did not err by denying defendant's motion to suppress evidence seized in a traffic stop where defendant pled guilty to firearms and drugs charges. Although defendant argued that the show of force by law enforcement during a traffic stop amounted to an arrest and that a search of his person occurred without probable cause, the trial court's findings fully supported its conclusion and defendant's argument to the contrary did not establish merit or reveal an error warranting the issuance of a writ of *certiorari*.

2. **Appeal and Error—motion for writ of certiorari—no meritorious claim**

    A defendant who contended that there was insufficient evidence to support his guilty pleas to drugs and firearms charges did

not present good cause for the issuance of a writ of *certiorari* where he failed to present a meritorious claim or reveal error in the proceeding below. The appeal was dismissed.

Appeal by defendant from judgment entered 12 September 2011 by Judge Wayland J. Sermons, Jr. in Martin County Superior Court. Heard in the Court of Appeals 12 September 2012.

*Attorney General Roy Cooper, by Special Deputy Attorney General Richard E. Slipsky, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Jon H. Hunt and Assistant Appellate Defender Benjamin Dowling Sendor, for defendant-appellant.*

BRYANT, Judge.

Where defendant has failed to bring forth a meritorious argument or reveal error in the trial court's denial of his motion to suppress and in the acceptance of his guilty pleas on the charges of possession with intent to sell or deliver cocaine and possession of a stolen firearm, we deny defendant's petition for writ of certiorari.

In Martin County Superior Court, on 5 August 2008, defendant was indicted on two counts of possession with intent to sell and deliver a controlled substance and possession of a stolen firearm. Defendant filed two motions to suppress: the first, on 8 January 2009, to suppress all evidence obtained as a result of a vehicle stop; and the second, on 28 January 2009, to suppress the evidence obtained as a result of a search of the passengers of the vehicle. The trial court denied both motions.

On 12 September 2011, defendant pled guilty to possession with intent to sell or deliver cocaine and possession of a stolen firearm. While the trial court noted that defendant "reserved his right to appeal the determination of his Motion to Suppress," defendant failed to enter a timely notice of appeal from the entry of judgment. On 4 June 2012, defendant filed with this Court a petition for writ of certiorari.

---

"The writ of certiorari may be issued in appropriate circumstances . . . to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action . . . ." N.C. R. App. P. 21 (2012). "A petition for the writ must show

merit or that error was probably committed below. *Certiorari* is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959) (citations omitted).

To establish the merit of his petition for writ of certiorari and reveal the error he asserts was committed by the trial court, defendant incorporates the arguments from his brief filed earlier with this Court.

In his brief, defendant contends that the trial court erred by (I) denying his motion to suppress; (II) accepting his guilty plea to possession of a stolen firearm; and (III) accepting his guilty plea to possession with intent to sell or deliver cocaine.

[1] Defendant's initial contention (I) rests on the argument that the show of force by law enforcement during a traffic stop amounted to an arrest and that a search of his person occurred without probable cause in violation of the Fourth Amendment to the United States Constitution, section 19 and 20 of Article I of the North Carolina Constitution, and North Carolina General Statutes, section 15A-401(b).

For support, defendant cites the Ninth Circuit Court of Appeals' holding in *United States v. Beck*, 598 F.2d 497 (9th Cir. 1979), where nine custom patrol officers in four cars stopped a taxi, escorted three passengers from the vehicle, and discovered heroin and cocaine in the boots of two of the men. *Id.* at 499-500. The taxi had been stopped, not for any traffic violation, but on a hunch that the occupants were transporting drugs. Reversing the trial court's denial of the defendants' motion to suppress the evidence, the Court of Appeals held that given the circumstances, the degree of force used by the patrol officers, as shown by their overwhelming show of authority, amounted to an arrest for which there was no probable cause. *Id.* at 502.

Here, defendant was a passenger in a vehicle carrying five men stopped for running a red light. In its order denying defendant's motion to suppress, the trial court made the following unchallenged findings of fact:

9.	[A law enforcement officer] approached the driver's window and [a second officer on the scene] gave instructions to the four passengers to place their hands where their hands could be seen.

10.	[The second officer] testified that the back seat passengers kept taking their hands off of the back of the front seat and were moving around and passengers

had to be told several times to place hands back where they could be seen.

11. [The initial officer on the scene] was talking to the driver of the [vehicle] outside of the car when the driver attempted to flee and was subsequently arrested . . . .

12. [The second officer] testified he did not know what was in the car and why passengers kept taking their hands off the seat and kept moving around, and based upon those actions plus . . . the evasive actions of the vehicle's driver the officers asked passengers [to step] out of the vehicle one by one.

13. [] [D]efendant who was seated in the back seat on the right was asked [to step] out and told by [the second officer] that he was going to do a weapons frisk at which point defendant said he had a gun.

14. [The second officer] then removed a pistol which was concealed in the defendant's waistband beneath defendant's tee shirt and [the officer] then conducted a search incident to arrest and found suspected cocaine in the defendant's pants pocket.

The trial court concluded that

[the officer had] sufficient concern for his safety and that of other officers to remove the defendant from the vehicle for the purpose of conducting a weapons frisk . . . . [And,] [t]hat based upon defendant admitting that he was in possession of a firearm which was found to be concealed upon his person, [the officer] had probable cause to search defendant pursuant to arrest . . . .

The trial court's findings of fact fully support its conclusion of law. Defendant's argument to the contrary does not establish merit or reveal an error warranting the issuance of a writ of certiorari. *See Grundler,* 251 N.C. at 189, 111 S.E.2d at 9.

[2] Defendant further argues that the trial court erred by accepting his guilty pleas on the charges of (II) possession of a stolen weapon and (III) possession with intent to sell or deliver cocaine, as the record failed to provide a sufficient factual basis for either plea. As to each charge, defendant argues that the factual basis given by the prosecutor failed

to establish an element of the crime. On the charge of possession of a stolen weapon, defendant contends that there was no basis for a finding that he knew the firearm was stolen. On the charge of possession with intent to sell or deliver cocaine, defendant contends that there was no basis to establish he intended to sell or deliver the cocaine.

"A plea of guilty involves the waiver of several fundamental rights, including freedom from self-incrimination and the right to a trial by jury. It is therefore imperative that guilty pleas represent a voluntary, informed choice." *State v. Santos*, 210 N.C. App. 448, 450-51, 708 S.E.2d 208, 210 (2011) (citation omitted).

> [A] superior court judge may not accept a plea of guilty or no contest from the defendant without first addressing him personally and:
>
> . . .
>
> (2) Determining that he understands the nature of the charge;
>
> (3) Informing him that he has a right to plead not guilty;
>
> (4) Informing him that by his plea he waives his right to trial by jury and his right to be confronted by the witnesses against him;
>
> (5) Determining that the defendant, if represented by counsel, is satisfied with his representation . . . .

N.C. Gen. Stat. § 15A-1022(a) (2011). We note that defendant does not contest the trial court's adherence to the requirements of section 15A-1022(a). "A judge may not accept a plea of guilty or no contest without first determining that there is a factual basis for the plea." N.C.G.S. § 15A-1022(c). Section 15A-1022(c) provides a nonexclusive list of five sources for the factual basis: a statement of the facts by the prosecutor; a written statement of the defendant; an examination of the presentence report; sworn testimony, which may include reliable hearsay; and a statement of facts by the defense counsel. *Id.* "[I]n enumerating these five sources, the statute contemplates that some substantive material independent of the plea itself appear of record which tends to show that defendant is, in fact, guilty." *State v. Agnew*, 361 N.C. 333, 336, 643 S.E.2d 581, 583 (2007) (citation, quotations, and brackets omitted).

In support of his argument regarding insufficient factual basis for the plea for possession of a stolen weapon, defendant cites *State v. Allen*, 79 N.C. App. 280, 339 S.E.2d 76 (1986). In *Allen*, the defendant's conviction

for possession of stolen goods was reversed based on the prosecution's failure to establish an essential element of the offense. This Court noted "[t]here [was] no direct evidence that [the] defendant knew the property in his car trunk was stolen." *Id.* at 282, 339 S.E.2d at 77-78. The Court went on to observe that "[o]ther cases upholding convictions when knowledge was at issue have contained some evidence of incriminating behavior on the part of the accused." *Id.* at 285, 339 S.E.2d at 79.

We note a significant distinction between *Allen* and the instant case: *Allen* addressed the appeal from the trial court's denial of the defendant's motion for nonsuit following the close of evidence during a jury trial. For such an issue, an appellate court "must view all evidence in the light most favorable to the State, in an effort to determine whether the State met its burden of presenting substantial evidence of each element of the offense charged[.]" *Id.* at 282, 339 S.E.2d at 77 (citations omitted). Assuming the *Allen* standard *requires* that the factual basis necessary for a trial court's acceptance of a plea meet the same standard required in a motion to dismiss, the record before this Court indicates that standard has been met. The trial court had before it evidence that the gun defendant possessed was stolen and that defendant knew or had reasonable grounds to know the gun was stolen. There was also evidence before the trial court that defendant possessed 2.5 grams of cocaine with the intent to sell and deliver it. The fact that the record shows defendant "purchased" the firearm in exchange for cocaine can be considered other incriminating evidence of knowledge and intent. This incriminating evidence of knowledge and intent separates these facts from Allen and is applicable to both charges.

After review· of the record proper and presentation of the factual basis for the plea, defendant agreed there was a factual basis for the plea, plead guilty to possession of a stolen firearm and possession with intent to sell and deliver a controlled substance, and was sentenced accordingly.

Failing to present a meritorious claim or reveal error in the proceeding below, defendant has failed to present good cause for the issuance of a writ of certiorari. *See Grundler*, 251 N.C. at 189, 111 S.E.2d at 9. Accordingly, in our discretion, defendant's petition for a writ of certiorari is denied, and his appeal dismissed.

Dismissed.

Judges HUNTER, Robert C., and STEELMAN concur.