An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-706

Filed 18 March 2026

Forsyth County, Nos. 19CR060425-330, 19CR060426-330

STATE OF NORTH CAROLINA

v.

NICHOLAS McFARLAND, Defendant.

Appeal by Defendant from judgment entered 22 January 2024 by Judge Joseph N. Crosswhite in Superior Court, Forsyth County. Heard in the Court of Appeals 10 June 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Erin Hukka, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Sterling Rozear, for defendant-appellant.*

STROUD, Judge.

On or about 22 January 2024, the trial court entered judgment on Defendant's guilty plea pursuant to an *Alford* plea for second degree arson, felony breaking or entering, and larceny after breaking or entering. On 24 January 2024, Defendant filed a notice of appeal from the judgment. On 13 December 2024, Defendant filed a

petition for a writ of certiorari (PWC) with this Court.

Defendant argues in his brief that "there was not a sufficient factual basis to support a guilty plea to arson." Defendant notes his argument on appeal "is dependent on this Court's grant of the contemporaneously-filed petition for a writ of certiorari" as there is not an appeal to this issue as a matter of right. *See generally State v. Keller*, 198 N.C. App. 639, 641, 680 S.E.2d 212, 213 (2009) (noting the "defendant challenges the factual basis for his guilty plea[;] . . . . [the] defendant is not entitled to appeal from his guilty plea as a matter of right").

The State requests we deny Defendant's PWC as

> [g]enerally, a petition for writ must show merit or that error was probably committed below and a discretionary writ should only be issued for good and sufficient cause shown. *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959) (citations omitted). This Court has previously exercised this standard when denying to issue writs of certiorari. In many cases this Court denied a defendant's petition for writ of certiorari where a defendant failed to bring forth a meritorious argument or reveal error of the trial court after pleading guilty. *See State v. Rouson*, 226 N.C. App. 562, 563, 741 S.E.2d 470, 471 (2013); *State v. Scott*, 294 N.C. App. 282, 286, 902 S.E.2d 336, 339 (2024); *State v. Wright*, 284 N.C. App. 178, 204, 875 S.E.2d 552, 569 (2022).

This Court may, in its discretion, allow review by certiorari upon a showing of good cause:

> [t]he writ of certiorari may be issued in appropriate circumstances to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action. N.C.

R. App. P. 21 (2012). A petition for the writ must show merit or that error was probably committed below. Certiorari is a discretionary writ, to be issued only for good and sufficient cause shown.

*State v. Rouson*, 226 N.C. App. 562, 563-64, 741 S.E.2d 470, 471 (2013) (citation, quotation marks, ellipses, and emphasis omitted).

Here, during Defendant's plea, the State gave the following factual basis for the charges:

> Your Honor, if this case had gone to trial, the State was prepared to present evidence that on May 25th of 2019, the defendant had previously had a child with [name redacted]. He had been involved in the child's life, and on this particular day he had custody. The child had been invited to another child's birthday party, so he was dropping the child off.
>
> When he got there, it appeared that his cousin was a boyfriend of the mother of the child whose birthday party it was, and he got rather upset that he had not been invited. There were words that had been exchanged and he ended up throwing some -- a fluid, I think it was probably water, on [name redacted]. And there was a bit of an altercation there at the site, but they ended up breaking apart, and she went into the party with her son and her boyfriend at the time was with her as well.
>
> When they got back home, which was at [address redacted], when they entered, right away they knew something was amiss. It was smoking inside. Her boyfriend said, ["]Stay here. I'll go take a look,["] and the house was just trashed.
>
> Point of entry was made through one of the bedrooms. There appeared to be a red liquid substance, a swab of which was taken, and that, in fact, tested positive under the Kastle-Meyer, testing presumptive for blood, and there was a DNA test done as well.
>
> Your Honor, there had been an exemplar taken on the defendant, and chances that DNA taken from the scene at the point of entry would have come from someone else

would have been 1 in 2.75 duodecillion, which is 39 zeros. In speaking with the analyst, we would ask Ms. Ellis from the crime lab to testify, who was a supervisor and reviewed everything. At that time the test was done, there was approximately 8 billion people on the face of the Earth.

We conclude, based on Defendant's plea, as the State noted, Defendant "failed to bring forth a meritorious argument or reveal error of the trial court after pleading guilty." Accordingly, we deny Defendant's PWC. As Defendant's PWC was his only route to appellate review, we dismiss this appeal.

DISMISSED.

Judges HAMPSON and GORE concur.

Report per Rule 30(e).