An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-428

Filed 15 October 2025

Washington County, Nos. 20CR050150-930, 20CR050180-930

STATE OF NORTH CAROLINA

v.

CHESTER EUGENE DOWNING, Defendant.

Appeal by defendant from judgment entered 6 May 2024 by the Honorable Marvin K. Blount III in Washington County Superior Court. Heard in the Court of Appeals 8 September 2025.

> *Attorney General Jeff N. Jackson, by Assistant Attorney General Hillary F. Patterson, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender James R. Grant, for defendant-appellant.*

PER CURIAM.

Defendant Chester Eugene Downing appeals from the trial court's judgment following a guilty plea convicting him of two counts of felony possession of cocaine. On appeal, Defendant requests this Court exercise its discretion to grant his Petition for Writ of Certiorari ("PWC") and perform an *Anders* review of the Record. After

careful review, we deny Defendant's PWC and dismiss the appeal.

## I. <u>Factual and Procedural Background</u>

In 2020, the Washington County Grand Jury indicted Defendant for possession of drug paraphernalia, possession of marijuana, possession of cocaine, possession of cocaine with intent to sell or deliver, and possession of cocaine within 1,000 feet of a public park.

On 6 May 2024, Defendant appeared for trial *pro se*, after his three previous attorneys had withdrawn. Prior to jury selection, the State indicated to the trial court that it had reached a plea agreement with Defendant. Pursuant to the agreement, Defendant would plead guilty to two counts of possession of cocaine in exchange for the State to dismiss the other charges. Following the trial court's plea colloquy with Defendant, the trial court entered two consecutive judgments sentencing Defendant to 9–20 months' imprisonment for each charge.

On 8 May 2024, Defendant filed a motion to withdraw his guilty plea. On 28 May 2024, Defendant filed a second motion to withdraw his guilty plea. On 9 July 2024, Defendant filed a motion to appeal. On 18 July 2024, the trial court entered an "Order of Denial of Motion to Withdraw Guilty Plea and Order Granting Appeal." The trial court's order purported to "allow the Defendant, by way of Certiorari to appeal" to this Court.

## II. <u>Discussion</u>

Defendant petitions this Court for writ of certiorari. Rule 4 of the North Carolina Rules of Appellate Procedure provides that notice of appeal from a criminal case may be taken by "(1) giving oral notice of appeal at trial, or (2) filing notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within fourteen days after entry of the judgment or order[.]" N.C.R. App. P. 4(b) (2023). Defendant failed to give timely notice of appeal by filing a motion to appeal approximately two months after judgment was entered.

"[W]hen a defendant has not properly given notice of appeal, this Court is without jurisdiction to hear the appeal." *State v. McCoy*, 171 N.C. App. 636, 638 (2005). When a defendant's notice of appeal is defective, this Court may issue a PWC "in appropriate circumstances . . . to permit review of the judgment and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action[.]" N.C.R. App. P. 21(a)(1); *see also State v. Smith*, 292 N.C. App. 662, 665 (2024). "*Certiorari* is a discretionary writ, to be issued only for good and sufficient cause shown." *State v. Rouson*, 226 N.C. App. 562, 564 (2013) (citation omitted) (emphasis in original). In order to determine good or sufficient cause, the issues Defendant raises must first be discerned for merit. *See Cryan v. Nat'l Council of Young Men's Christian Ass'ns of United States*, 384 N.C. 569, 572 (2023).

Defendant's appellate counsel filed a brief on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Kinch*, 314 N.C. 99 (1985). In accordance with the requirements set forth in *Anders* and *Kinch*, counsel states in his brief that

- 3 -

he is "unable to identify any issue with sufficient merit to support an argument for relief on appeal," but "respectfully asks this Court to conduct a full and independent review of the [R]ecord."

In his brief, Defendant's counsel directs our attention to eight potential issues on appeal: (1) the sufficiency of Defendant's indictment, (2) compliance with N.C.G.S. § 15A-1242 (2023), (3) denial of Defendant's motion to suppress, (4) the factual basis for plea, (5) Defendant's prior record level and sentences, (6) knowing and voluntary plea, (7) denial of Defendant's motion to withdraw plea, and (8) post-judgment motions.

Defendant argues that granting his PWC "would serve the interests of justice to allow appellate review of [Defendant's] criminal conviction where all parties and the trial court are shown to have understood his intent and desire to appeal." Defendant specifically contends the issues raised on appeal are "good cause," but fails to establish why the issues warrant good or sufficient cause. *See Rouson*, 226 N.C. App. at 564. Defendant merely states the topics of issues appealed and makes no further argument. After a full and independent review of the Record, we discern there is no merit to the issues Defendant has raised. *See Anders*, 396 U.S. at 744; *see also Kinch*, 314 N.C. at 102. Accordingly, we deny Defendant's PWC and dismiss the appeal.[1]

---

[1] Because we dismiss this appeal, we deny the State's motion to dismiss appeal.

DISMISSED.

Panel consisting of Judges GORE, FLOOD, and STADING.

Report per Rule 30(e).